MAHUKALIILII *et al. vs.* HIKAALANI HOBRON *et al.*

EXCEPTIONS TO FINDINGS OF JUDD, C. J.

JANUARY TERM, 1884.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

An Appellate Court may in its discretion allow a reargument of a case, and correct manifest errors and mistakes in its decision rendered on the first argument.

The Court having held that the taking of a deed from the supposed heirs of the plaintiffs' ancestor by the defendant, who claimed by adverse possession, was fatal to his adverse claim : Held, on reargument, that the deed might be so construed as not to defeat the grantee's adverse claim.

Slight proof of adverse possession held sufficient, considering the nature of the land in question.

OPINION OF THE COURT ON THE FIRST ARGUMENT, BY MC-CULLY, J.

This was a case in ejectment, the jury being waived, heard by the Chief Justice, holding the term. The finding was for the defendants. Exceptions were taken generally, and the case comes before us, with an abstract of the testimony, on its merits. The claim of the plaintiff is by descent from the patentee, one Alapai, and it is not denied that the legal title by descent now rests in him. The defense is adverse possession.

The defense introduce a conveyance of this land to Kalaeone, defendants' privy, dated July 6, 1866, which appears to us to afford a solution of all the questions in the case. It appears in evidence, as stated by the Chief Justice, who heard the case, "that Alapai (the grantee named in the Royal Patent) died in Koolau, not having lived on the land, and the Royal Patent for it was taken out on the previous award of the Board of Land Claims, in 1856, by Kalaeone. Kuheleloa and Kameenui, who were sisters and persons of some distinction, assumed charge of this land, and became in succession the wives of this Kalaeone, a man of some note. Kuheleloa was Alapai's grand-aunt, a rela-

tionship not capable, under recent adjudications, of inheriting the property of Alapai, but sufficient to account for Kameenui and Kuheleloa's assuming the ownership of the land.

The grantors in the deed of 1866 were the widow of Alapai and her husband, and Kalauao, the husband of Nihoa, only child and heir of Alapai, who had died in 1860, Alapai having died in 1853. In the deed they are described as the "pili kino," that is, the relatives and heirs at law of Alapai. But it now appears that they were not such, for the real estate of Nihoa, dying intestate and without issue, descended to her aunt Kaohe, through whom the plaintiff would take.

The testimony as to the possession by Kuheleloa very slightly supports an adverse possession, as taken under a claim hostile to the real owner. The nature of the piece of land here in controversy, as the Chief Justice remarks in his decision, renders it difficult to get satisfactory testimony as to the occupation of it. "It is a barren piece of sandy land on the beach at Waikiki, not capable of producing any crop, and having nothing on it but a few cocoanut trees and *hau* bushes." It was never fenced. It was not the residence of Alapai, and it is not claimed that Kaohe, who became heir to it without probably apprehending her right, ever took or claimed a right of possession. Kalaeone had a house near this piece of land, and the testimony leaves us in doubt whether such slight acts of possession as are shown may not have been merely the occupation of neighboring unoccupied territory.

But, however it might be found upon the question of an adverse possession prior to 1866, if there had been no deed produced from the supposed heirs of Alapai, we are of opinion that the acceptance of this deed is proof that at that date the grantees made no claim of right of possession, and consequently were not holding adversely. The fact that the grantors of the deed were without title does not affect the admission that the grantees claimed none. Such admission cuts off from the necessary period of prescription all the time prior.

In *Gray vs. Moffitt,* 5 Am. Decisions, 634, held that the operation of the statute ceases against a claim purchased or brought in aid of the protection of the possession, for a claim thus recognized

13

and brought in to protect the possession cannot be adverse and hostile to it. This reasoning, *a priori*, applies with greater force where the proof of former holding by a claim of right is as feeble as in this case. This is not the case of one in possession and asserting a claim, purchasing a quit claim of title for the sake of peace.

See *Burhans vs. Van Zandt,* 7 Barb., 106 ; *Northrop vs. Wright,* 7 Hill, 490.

The deed in this case clearly recognizes the title as being in the heirs at law of Alapai. If the grantors had been the heirs, or if the real heir, Kaohe, had been one of the grantors, the defendants would not stand on an adverse possession from 1866, or from the death of Alapai. But if they have held under a deed which is invalid for a time, sixteen years less than the statute, they cannot now set up that their holding prior to 1866 was hostile and adverse to the heirs. The acceptance of the deed was a surrender by operation of law of any title which they might have been maintaing in the premises.

*Lyon vs. Reed,* 13 M. & W., 284 ; *McCracken vs. San Francisco,* 16 Cal., 636.

The defendants' privies having " asserted, either by declarations or conduct, the title to the property to be in others, the statute cannot run in their favor."

For these reasons the judgment must be reversed, and judgment entered for the plaintiff.

Honolulu, February 21, 1884.

---

OPINION ON REARGUMENT, BY AUSTIN, J.

The plaintiff's counsel now claims that this Court has no power to entertain a reargument of the case, because it has already made a decision of it, which is final and conclusive, under Article 69 of the Constitution, which declares that " The decisions of the Supreme Court, when made by a majority of the Justices thereof, shall be final and conclusive upon all parties."

The Constitution of New York provides for seven Judges of the Court of Appeals, its highest Court, and provides that "any five members of the Court shall form a quorum, and the concurrence of four shall be necessary to a decision."

These provisions are similar. It is not requisite to say, in order to render final the decision of a majority of the highest Court of a country, that it is final. That follows as a matter of course, unless otherwise expressly stated. It must necessarily be binding upon all men. But to say that manifest errors and mistakes, in what has the form of a final judgment, cannot be corrected by the highest Court in its discretion, when seasonably brought to its notice, is unreasonable, and might work great injustice. And whether the application is seasonable or not, must also rest in the discretion of the highest tribunal.

It has been uniformly, and we think wisely, so held in the State of New York, and we shall so hold.

Upon re-examining the question on its merits, we are constrained to believe that too much stress was laid upon the supposed admission, by the deed taken in 1866, of the title of the plaintiff.

There was evidence, which the Court below held sufficient, of adverse possession for nearly ten years up to the taking of that deed. The plaintiff claims as the heir of Nihoa, who was daughter of Alapai, the original patentee. But she died in 1860, and when the deed of 1866 was taken, her heir, the plaintiff, had been the real owner for six years.

The deed of 1866 ignores and denies Nihoa's right, and the grantors in the deed claim to be the heirs of Alapai. Instead of admitting, the deed directly denies the plaintiff's title obtained through Nihoa.

Acts denying the title of Nihoa by the grantee, in the deed of 1866, had been done, insufficient, it may be, to show disseisin, but constituting a claim of title as against her. The deed was taken to be an acknowledgment of the title of Nihoa, but it in fact might be taken as a denial of it.

We are also, on further thought and research, inclined to believe that even had the deed's recital been as the Court supposed, the effect thereof was taken too strongly against the defendant. See *Cannon vs. Stockman,* 36 Cal. 535; *Jackson vs. Sears,* 10 Johns. 436.

We have examined with care the argument of the plaintiff's counsel, as to proof of the nature of the possession required to be

deemed adverse. In many of the United States there are special statutes defining what shall constitute adverse possession in different cases. In New York there is such a statute. There is none such in this country. Under the statute of New York, we think the adverse possession would hardly be made out in this case. Many of the decisions quoted cannot be understandingly read, or be surely relied on as applicable here, without reading the special statutory law which applies to them. As has been said, the nature of the land in question is such as to require the most meagre proof of acts of possession to ripen into title. We are convinced that, as found by the Chief Justice, there was sufficient proof of title in the defendant by adverse possession.

Because of the mistake to which we have referred, we have concluded to reverse our decision, and to affirm the judgment of the Court below.                    A. FRANCIS JUDD,

BENJ. H. AUSTIN.

———

The former opinion of the Court was based on the fact that the deed taken in 1866 was an acknowledgment of title in other parties. But as it was not an acknowledgment of the title of plaintiff's ancestor, and may be considered an exclusion of such title, and especially as from the nominal consideration expressed, two dollars, it may well be considered a quit claim, and to make more certain the right under which Kuheleloa had been holding by the *Kauoha*, or verbal bequest of Alapai, I sign the foregoing opinion.                    LAWRENCE McCULLY.

*W. R. Castle* and *C. W. Ashford*, for plaintiff.

*C. Brown* and *R. F. Bickerton*, for defendant.

Honolulu, April 12, 1884.