## SUDDUTH v. SUMERAL.

1. CHARGE—DEED—JURY.—Trial Judge did not charge on the facts; but properly decided what estate passed under the deeds, and left to the jury to decide what lands the deeds conveyed.

2. IBID.—OUSTER—TENANTS IN COMMON.—There being no request to charge that statute of limitations does not run against tenant in common unless there has been an ouster, it was not error to omit to so charge.

3. OUSTER—TENANTS IN COMMON—ADVERSE POSSESSION—LIMITATION OF ACTIONS.—Where a stranger goes into possession of land under a deed from one tenant in common, purporting to convey the entire fee, and has such deed recorded, and thereunder holds the land adversely as his own, these facts amount to ouster, and such holding for ten years, in absence of disabilities, gives such holder title by adverse possession against the tenants in common. *Garrett* v. *Weinberg,* 48 S. C., 28, *explained.*

Before ALDRICH, J., Greenville, November, 1900. Affirmed.

Action in partition by S. Davis Sudduth, Mary C. Cunningham and Cora B. Terry against Louisa Sumeral. So much of the charge as is questioned by the exceptions is as follows:

"Now, we will proceed to the second defense, and that is that Mrs. Sumeral alleges that on November 22d, 1879, she went into possession of that tract of land; that she is now living on it, and that ever since then she has been in open, notorious possession of the said land, claiming the same all of the time as her own; and she charges that the statute of limitations is a complete bar to the plaintiffs' claim. Now, the statute of limitations is sometimes called a statute of repose—a statute to quiet possession. A statute of limitations does not originate in the idea of its being a title, but it is in law a trespass, begins as a trespass, and if one goes and takes possession of real estate and holds it openly and notoriously, and the true owner fails to assert his rights, then the law says that you are barred, you have slept on your rights and on

your title and you cannot bring this action if he has held it for the statutory period, and the defendant would be entitled to possession. Now, just there, the defendants have requested me to charge you:

" 'I. It is for the jury to determine whether the possession of J. A. David under the deed from Martha Loveland and others was, after the death of Mrs. Stall and Mrs. Sudduth, adverse to their heirs and exclusive of their interest.' *The Court:* I so charge you.

" 'II. The deed from J. A. David to W. L. Sumeral purports to convey the entire estate in the lands described in the complaint. It is for the jury to say whether W. L. Sumeral entered under said deed, and whether his possession was adverse to and exclusive of the plaintiffs' claim.' (No comment.)

" 'III. The deed from W. L. Sumeral to Louisa Sumeral, the defendant herein, purports to convey the entire estate in the lands described in the complaint. It is for the jury to say whether she entered into possession of said land under said deed, and whether the subsequent possession was adverse to and exclusive of the plaintiffs' claim.' *The Court:* That is correct, and I so charge you, with this one qualification—if the deeds convey the lands described in the complaint; and with that one qualification I charge you that that is correct. Whether the land described in a particular deed is the same land described in a complaint, or some other paper, is a question of fact for your consideration, and I cannot tell you whether both papers cover the same land.

"Now, I have told you what the statute of limitations is. An important point is as to the length of time, if the statute of limiations is applicable to this case—is it the ten or twenty year statute? The twenty year statute prevailed from 1870 to the latter part of 1873, and since then the ten year statute has prevailed; and I charge you that the statute of limitations in force at the time one goes into possession of land adversely and hostilely begins to run in his favor and against the real owner of the land, if at the time the real owner of the land is

capable of bringing his action, and is not laboring under any disability which would prevent his bringing the action. When the trespasser commits the trespass, that is the time that you must say the statute begins to run against him.  So here, if the trespass began before 1873, the twenty year law would be in force; but if it began in 1873, then the ten year law would be in force.  Now, who is disqualified such as would stay the running of the statute of limitations?  First, under the law, prior to the Constitution of 1868, a married woman labored under that disability, and if her husband sold her land, the statute did not begin to run until the disability was removed by the death of her husband.  The disability being in force in 1864, the making of the Constitution of 1868 did not remove her disability, because her husband's interest in her land became vested under the old law.  It could not change his right that had vested under the old law, and no matter how long her husband may have survived the Constitution of 1868, when her husband died, if he conveyed the land away any time previous, during the coverture, the statute would not run against the wife until his death.  Now, the statute of limitations cannot run, it does not run, against an infant; and after he became of age, between 1870 and 1873, he had twenty years in which to assert his rights, but since that time he has ten years in which to do so; and if an infant does nothing to recover his real estate or his interest, but stands by and some one holds that land adversely for the full statutory period, then the infant's rights are gone, and he is barred from bringing his action.

"Now, in regard to lands held in common, so far as the statute of limitations is concerned, the law says, the possession of one tenant is the possession of all tenants, as a general rule, and if the minority of one tenant in common exists, then his minority will accrue and save the running of the statute against his adult cotenants, because the trespasser cannot be in adverse possession against the minor; and if the minor is possessed in common with the others, and the adverse possession cannot be completed as against the minor,

then his rights would redound to save the rights of the adults. If that is the case, then when the youngest of the tenants becomes of age, twenty-one years, the statute begins to run then against him, and if it runs for ten or twenty years, as the case may be, against all of the tenants in common, and none of them are laboring under the disabilities which stop the statute of limitations, then the party in possession can interpose the pleas of the statute of limitations and bar the claim of the plaintiff, and the verdict would have to be for the defendant, who stands upon his adverse possession. Now, there may be various trespassers who go upon the same land, for instance: If you find that Mr. David, in 1864, went upon the land as a trespasser and took and held the land adversely, that would be a trespass on the part of Mr. David. If you find that at another time Mr. Sumeral went upon the land as a trespasser and held possession of the land adversely, then Mr. Sumeral would be a trespasser. If you find that Mrs. Sumeral entered upon the land as a trespasser, then that would be trespass on her part. The rule is this: You cannot tack the possessions of the parties to make out the statute of limitations, but the same person must hold for the whole and continuous period, to make out the possession under the statute of limitations, except where a person dies and a title descends to his heirs; but we are not speaking of that here. But where Mr. David, for instance, was a trespasser, and Mr. Sumeral and Mrs. Sumeral were trespassers after that, you cannot tack, but it must be continued in the same person for the full statutory period. Now, then, under that view of the law, I will read to you the defendant's fourth request:

" 'IV. If you should conclude that Louisa Sumeral entered into possession under the deed from W. L. Sumeral in 1879, and held it until February, 1900, adversely to the plaintiffs, then this would constitute a valid defense to this action, and your verdict should be for the defendant, unless, during this period, some of the plaintiffs were infants; and in case you find that any of the plaintiffs were infants during this period,

I charge you that the period of such infancy must be deducted from the period of such adverse possession, and if there then remain ten years during which the defendant held this land adversely to the plaintiffs and exclusive of their interest, this would be a good defense to this action, and your verdict must be for the defendant. *Gray* v. *Bates,* 3 Strob., 503; *Garrett* v. *Wineberg,* 48 S. C., 28; *Odum* v. *Wettersberg,* 26 S. C., 247; *Dikemann* v. *Parish,* 47 Am. Dec., 455. *The Court:* That is correct, and I so charge you.'

"Now, going back, I will read to you from the Code. (Court read sec. 101.) *The Court:* Well, that applies to trespass and actions committed since '73. Prior to '73 that would have read twenty instead of ten years—between '71 and '73. Now, sec. 102 reads (read sec. 102). Now, I read that because adverse possession may be founded on what we sometimes call a color of title, as, for instance, a deed of conveyance or a decree of the Court. Now, a party may go into possession of land under a written instrument, a deed or decree of the Court, and hold it adversely, or he may enter it without any paper at all; and the law is (read sections 103, 104 and 105 of the Code).

"Now, then, if you find that this defendant, Mrs. Sumeral, entered into the possession of the land described in the complaint, taking the conveyance to it and going in under a written conveyance, and that she went into possession, took possession adversely to these plaintiffs, and went into possession openly, adversely, continuously and notoriously for the full period provided by the statute, and has held it, and if any of the tenants were minors, and has held it for the full statutory period since the minor became of age, I charge you that your verdict should be for the defendant, for a full period has been made out.

"Mr. Ansel requests the Court to charge the jury as to ouster. *The Court:* Ouster means putting one out of possession of land and depriving him of the use of the freehold —putting him out—and it is a question of fact for you to determine; and being a question of fact, if a tenant in com-

mon ousts his cotenant and you are satisfied that he did oust him, and then if he held it against his cotenant openly, notoriously, continuously and adversely for the full period, that ouster would, if held for the full time, bar any action which would deprive him of his rights to retain the property. There is no rule by which you can say what measure of proof is sufficient to prove ouster, being a fact. A man may be ousted in various ways. If you have to resort to ouster as a presumption, it has been held that where one cotenant disposes of all the land, and that has to be shown by a presumption, and you want to presume title by lapse of time, then it would have to be the twenty year period to make out the presumption. If one tenant in common undertakes to convey the entire fee in all of the property held in common and he puts his vendee in possession, and that vendee reconveys it to a stranger and he goes and takes possession of the land, and if under such state of facts, and nothing else appears, then the statute of adverse possession would commence to run in favor of the person who went in under the deed; because if you found that he held it as his own, and exercised rights of dominion over it openly and notoriously, he could plead the bar of the statute of limitations, and such an ouster gives every tenant in common the right to bring this action, and if all of the tenants in common could bring the action, the adverse possession would begin to run as soon after the ouster as the youngest cotenant became of age.

"Now, the form of your verdict will be as follows: If you find for the plaintiff, you will say: We find for the plaintiff an undivided four-ninth interest in the land described in the complaint. You need not put any damages in your verdict, because no damages have been proved. If your verdict is for the defendant, you will say: We find for the defendant.

"Now, there are two deeds here. I have already referred to the deed from Loveland to David; and now here is a deed from David to W. L. Sumeral, and also a deed from W. L. Sumeral to Louisa Sumeral. They purport to convey the

land and I need not read them over to you.  You need not consider the fourth or the fifth separate defenses.

"After being out about twenty minutes, the jury returned to the court room.

"*The Foreman:* We desire to know whether the twenty or ten year question is applicable here?

"*The Court:* I can only charge you in a general way, because I am not allowed to express any opinion as to a question of fact.  The title by adverse possession is what is called an affirmative defense; it must be set up in the answer.  Now, the adverse possession alleged in the answer is the adverse possession of the defendant, Mrs. Sumeral, and the allegations of the answer are that on November 22d, 1879, she went into possession of the land described in the complaint, under the deed purporting to be fee simple (read answer to the jury).

"Now, that affirmative defense is set up there, and the allegation is that that adverse possession began on November 22d, 1879; and as a matter of fact, if you find that that is supported by the proof, then the ten year law would be applicable; and if she held it ten years after any disabilities under which any of the plaintiffs labored, or may have labored, then if she held it for ten years after the plaintiffs became of age, all of them, and if it was adverse possession against an infant, his infancy would be protected by the statute; but if the adverse possession started to run on November 22d, 1879, and you find that Mrs. Sumeral held for ten years after the infant became of age, and that infant stood by and allowed the adverse possession to run, then the defendant would be entitled to a verdict."

The jury rendered a verdict for the defendant, and judgment was duly entered thereon.  From this plaintiffs appeal on the following exceptions:

"1. The Court erred in charging the jury with respect to matters of fact by charging defendant's second and third requests to charge, because the Court therein says that the

deeds from J. A. David to W. L. Sumeral and from W. L. Sumeral to Louisa Sumeral purport 'to convey the entire estate in the lands described in the complaint,' and later on in his charge the Judge committed a similar error in reference to these same deeds by saying: 'They purport to convey the land.'

"2. The Court erred in charging the jury that the statute of limitations governs this case, and that if the defendant held the land described in the complaint adversely for ten years after all the plaintiffs became of age, 'then the defendant would be intitled to a verdict.'

"3. The Court erred in not charging the jury that the statute of limitations does not run in favor of one tenant in common and against another, unless there has been an ouster, the possession of one being the possession of all.

"4. The Court erred in not charging the jury that where there has been no actual ouster, where one cotenant has the entire possession of the common property and received the entire rents and profits thereof, this, of itself, will not constitute ouster, and ouster will not be presumed short of twenty years adverse possession, and it must be twenty years after the cotenant, against whom the presumption of ouster is claimed, becomes twenty-one years of age.

"5. The Court erred in charging defendant's fourth request to charge, which was as follows: 'If you should conclude that Louisa Sumeral entered into possession under the deed from W. L. Sumeral in 1879, and held it until February, 1900, adversely to the plaintiffs, then this would constitute a valid defense to this action, and your verdict should be for the defendant, unless during this period some of the plaintiffs were infants; and in case you find that any of the plaintiffs were infants during this period, I charge you that the period of such infancy must be deducted from the period of adverse possession, and if there remain then ten years during which the defendant held this land adversely to the plaintiffs and exclusive of their interest, this would be a good defense to this action, and your verdict must be for the de-

fendant.' Whereas he should have charged as follows: 'If you should conclude that Louisa Sumeral entered into possession under the deed from W. L. Sumeral in 1879 and held it until February, 1900, adversely to the plaintiffs, then this would constitute a valid defense to this action, and your verdict should be for the defendant, unless during this period some of the plaintiffs were infants; and in case you find that any of the plaintiffs were infants during this period, I charge you that the period of such infancy must be deducted from the period of such adverse possession, and if there then remain twenty years during which the defendant held this land adversely to the plaintiffs and exclusive of their interest, it would then be presumed that the defendant had ousted the plaintiffs, and your verdict must be for the defendant, otherwise your verdict should be for the plaintiffs.' "

*Mr. Adam C. Welborn* and *Ansel, Cothran & Cothran,* for appellant. The former cites: *Trespassers cannot tack adverse holdings so as to make up statutory adverse holding:* 14 S. C., 189; 16 S. C., 141. *As between tenants in common, statute does not run, unless there is an ouster:* 26 S. C., 185, 244; 1 McC., 131; 21 S. C., 511. *The plaintiffs never having been in actual possession, there can be no actual ouster, and if there be ouster, it must be presumed, which can only be after twenty years adverse possession:* 38 S. C., 399; 26 S. C., 180; 2 Hill Ch., 513; 3 S. C., 254; 48 S. C., 42; 26 S. C., 248; 1 McC., 132; 3 Strob., 498.

*Messrs. Haynesworth, Parker & Patterson,* contra, cite: *If one cotenant make to a stranger a deed purporting to convey the whole fee to the lands and entry is made thereunder, that constitutes ouster:* 3 Strob., 503; 26 S. C., 247; 48 S. C., 28.

July 24, 1901. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. The plaintiffs brought this action for the partition of a tract of land, alleging that they

were entitled to four undivided ninths of the land, and that the defendant was entitled to the remaining five-ninths. The defendant by her answer set up several defenses. First, a general denial of all the allegations in the complaint. Second and third, a denial that plaintiffs or either of them have any title to or interest in the land described in the complaint; and, on the contrary, alleges that she is the sole owner of said lands, having derived title thereto under a deed executed the 22d November, 1879, purporting to convey the same to her in fee simple, under which she has ever since said date, been in the open, notorious, adverse and exclusive possession of the said land, claiming the same as her own, and claiming that plaintiffs' action is thereby barred under the provisions of the statute of limitations.

The following are the undisputed facts as developed by the testimony in the case: The land originally belonged to one Roger Loveland, who died on the 30th of January, 1857, intestate, leaving as his heirs at law his widow, Martha Loveland, and his children, Isaac Newton Loveland (who died on the 12th of February, 1859, childless and unmarried,) and his daughter, Isabella J., who intermarried with P. F. Sudduth on the 16th of June, 1858, and died on the 14th of June, 1873, leaving as her heirs at law the said P. F. Sudduth, her husband, and her two children, S. Davis Sudduth and Mary C. Cunningham, two of the plaintiffs in this case, and also another daughter, Drusilla A., who intermarried with one Thomas H. Stall on the 1st June, 1858, and died on the 1st July, 1864, leaving as her heirs at law her said husband and her daughter, Cora B. (now the wife of one Terry), who is the other plaintiff in the case. On the 9th of February, 1864, Martha Loveland, P. F. Sudduth, Isabella J. Sudduth, Thomas H. Stall and Drusilla A. Stall, executed a deed conveying the land in question to one J. A. David, who went into possession of said land under said deed, claiming it as his own, and remained in such possession until the 3d of November, 1879, when he conveyed the same to William Sumeral, who went into possession, claim-

ing it as his own, and retained such possession until the 22d of November, 1879, when he conveyed said land to his wife, Louisa Sumeral, the defendant herein, who went into possession, claiming it as her own, and has ever since retained such possession. All these deeds were recorded in the proper office in the county of Greenville, where the land lies. In the "Case" we find the following statement in regard to these deeds: "The deeds introduced in evidence contained general warranties, and purported to convey the entire interest in the land therein described." It appears, however, that though Mrs. Sudduth and Mrs. Stall joined in the deed of 9th of February, 1864, to J. A. David, they did not renounce their inheritance in the manner prescribed by the act of 1795, then in force; and hence the plaintiffs claim that upon the death of Mrs. Sudduth and Mrs. Stall, respectively, their heirs at law became entitled to their shares of the land, respectively, though they admit that the surviving husbands of each of these married ladies are estopped, by their deed of 9th of February, 1864, from making any claim as one of the heirs at law of their respective wives; and hence they only claim the shares of the plaintiffs herein, to wit: four-ninths of the land. Inasmuch as the plaintiffs claim that they are protected from the plea of the statute of limitations by the disability arising from infancy, it will be necessary to state the ages of the parties. It appears from the testimony in the case that the plaintiff, S. Davis Sudduth, was born on the 1st day of March, 1866, and hence he did not attain his majority until the day before the 1st day of March, 1887; that Mrs. Cunningham was born on the 18th of March, 1859, and hence did not attain her majority until the 17th of March, 1880; and that the other plaintiff, Mrs. Terry, was born on the 16th of September, 1859, and hence did not attain her majority until the 15th of September, 1880. Now, as this action was commenced on the 20th of February, 1900, it follows that S. Davis Sudduth had been of age very nearly thirteen years, Mrs. Cunningham very nearly twenty years.

and Mrs. Terry nearly twenty years, when this action was commenced.

After hearing the evidence and the charge of the Judge, the jury rendered a verdict in favor of the defendant, and from the judgment entered thereon the plaintiffs have taken an appeal to this Court, basing their appeal upon the several exceptions set out in the record.   For a full understanding of the questions presented, the charge of the Circuit Judge, together with the exceptions thereto, will be reported.

The first exception imputes error in charging on the facts, because the Judge charged on the facts in saying to the jury that the deeds therein referred to "purport to convey the entire estate in the lands described in the complaint."   The point of this exception lies in the fact that the Judge, in so charging, assumed as a fact that the land described in those deeds was the same as that "described in the complaint."   But when it is seen that the Judge expressly qualified those requests, referred to in the exception, by adding the words: "If the deeds convey the land described in the complaint," it is manifest that the exception is without foundation.   The only possible question of fact which could arise out of the requests, was whether the land described in the deeds was the same as that described in the complaint; and that question the Judge expressly left to the jury by his qualification of the requests.   Whether those deeds purported to convey the entire or any lesser estate in the land described in the deeds, was a question of law and not a question of fact, for it is settled law that it is the province of the Judge, and not of the jury, to construe the terms of a deed when offered in evidence.   The first exception must, therefore, be overruled.

The second exception is taken under a misconception of the Judge's charge, for we do not understand him as instructing the jury, "that the statute of limitations governs this case;" though he did charge the jury (and as we think correctly) that if the defendant held the land in dispute *adversely* for ten years, after all the plaintiffs became of age,

she would be entitled to a verdict, but he left it to the jury
to say whether the defendant did hold the land adversely for
the time stated; and in this there was no error.    The second
exception must be overruled.

The third exception imputes error to the Circuit Judge in
not charging the jury that the statute of limitations did not
run in favor of one tenant in common against another unless
there has been an ouster.    In the first place, it does not ap-
pear that any request was made to charge any such
proposition.    All that we find in the "Case" as to
that matter is this: "Mr. Ansel [one of the counsel
for plaintiff] requests the Court to charge the jury as to
ouster," and the Judge did proceed to instruct the jury as to
ouster, in terms to which no exception appears to have been
taken.    There was no request to charge any particular pro-
position as to the law of ouster.    It was simply a general re-
quest "to charge the jury as to ouster," and that request was
complied with.    The third exception must, therefore, be
overruled.

The fourth and fifth exceptions are open to the same ob-
jection, as there were no requests to charge either of the
propositions which appellants claim by these exceptions
ought to have been charged, and this would be sufficient to
dispose of both of these exceptions.    But as the appellant in
the fifth exception complains of error in charging the
defendant's fourth request, which is set out in that
exception, we will not decline to consider that excep-
tion.    Without repeating that request, in terms, it is suffi-
cient to say that it amounted to this: If the jury should con-
clude that the defendants went into possession under the deed
from W. L. Sumeral on the 22d November, 1879, and held
it *adversely* to the plaintiffs, until the commencement of this
action on the 20th of February, 1900, then such possession
would constitute a valid defense to this action; unless during
this period some one or more of the plaintiffs were infants;
and if so, then the period of such infancy must be deducted
from the period of adverse possession; and if there then

(after such deduction) remained ten years during which the defendant held this land *adversely* to the plaintiffs *and exclusive of their interest,* this would be a good defense to this action.    In this there was no error of law, for when the Judge instructed the jury that to make this possession on the part of the defendant a good defense to the action, it must have been taken *under* the deed of 22d of November, 1879, which upon its face purported to convey to her an absolute and exclusive title to the land, and when he emphasized this by saying that such possession must be *adverse* to the plaintiffs, and reinforced such emphasis by saying that such possession must not only be *adverse* to the plaintiffs, but also *exclusive* of their interest, he absolutely negatived the idea that such possession if taken, and held as a *tenant in common* with plaintiffs, would be a good defense to the action, as appellants seem disposed to construe the charge.    It is quite true, that if a person goes into possession of a tract of land *as a tenant in common* with another, no length of *such* possession can give him a title by the statute of limitations against his cotenant, for the very obvious reason that his possession cannot be *adverse* to his cotenant, until an ouster is established.    But where, as in this case, a person goes into possession of land, under a deed from a third person which purports on its face to convey to him an absolute and exclusive title to the entire interest in the land, and such deed is spread upon the public records, this is notice to the world that he is claiming the entire and exclusive interest in the land, and his possession may be adverse to all the world from the time of its commencement.    Of course, such adverse possession cannot avail him against one laboring under any legal disability, such, for example, as infancy, until his possession continues for the prescribed time after the removal of such disability.    This view is sustained by the case of *Garrett* v. *Weinberg,* 48 S. C., 28.    In that case the plaintiffs brought the action to recover possession of lands in the possession of the defendant, claiming that they, as heirs at law of one Thomas Garrett, were tenants in common of said

19—61

land, with E. W. Moise and those claiming under him, he having acquired the interest of one of the heirs at law (Mrs. Moore) of Thomas Garrett, who was the widow of said Thomas Garrett and had contracted a second marriage with one John S. Moore. It appeared that John S. Moore and his wife had joined in a deed for the lands in dispute to E. W. Moise, executed on the 13th of April, 1871, under which deed the defendants claimed. In delivering the opinion of the Court, Mr. Justice Gary, in speaking of this deed, used the following language, which is quite appropriate to the present case: "If the deed, which was recorded, should be construed as a conveyance of *all* the land, and Edwin W. Moise entered into possession thereunder, without recognizing any other claim, then such entry would constitute *ouster.*" Counsel for appellants, in the argument here, suggest that the learned Justice "could not have meant it was actual *ouster,* but presumption of ouster, which could only operate against an infant after the expiration of twenty years, deducting the period of minority." The reason given by counsel for such a suggestion is that Mr. Justice Gary, in a subsequent portion of his opinion, held that though Marion Moise, the grantee of E. W. Moise, held possession of the land for more than ten years after John Norton, one of the plaintiffs, had attained the age of twenty-one years, yet he held that John Norton was not barred, because, *as counsel says:* "The opinion as a whole shows that it would have taken twenty years after John Norton reached his majority to have perfected a presumption of *ouster* against him." This view of counsel for appellant is based upon an entire misconception of the opinion of Mr. Justice Gary, in which not a word can be found justifying the inference that he held that John Norton was not barred because the period of twenty years had not elapsed after John Norton had attained the age of twenty-one years; and, on the contrary, the opinion clearly shows that John Norton, as well as some of the other plaintiffs, was not barred by the statute of limitations, for a much better reason, to wit: the minority of some

of the other cotenants, plaintiffs, in the case.    There is no
warrant, therefore, for the suggestion of counsel, that Mr.
Justice Gary could not have meant what he said; for it was
unquestionable good law, and is sustained by the cases of
*Sumner* v. *Murphy,* 2 Hill, 488; *Gray* v. *Bates,* 3 Strob., at
page 502; where O'Neall, J., in delivering the opinion of the
Court, uses this language: "That Bordeaux was tenant in
common with Smith and Muckelrath of the large grant, of
which the land in dispute was part, is true; that each tenant
in common had the right to the possession of the whole or
part of the land, is also true.    But it by no means follows,
that a purchaser from one of the cotenants (Bordeaux) of a
part of the tract, without reference to the title of the other
cotenants, would necessarily become tenant in common, so
as to prevent him from perfecting his title by adverse posses-
sion under our act of limitations.    To constitute an adverse
possession it is only necessary it should be held as 'one's
own.' "    See, also, *Odom* v. *Weathersbee,* 26 S. C., where,
at page 247, Mr. Justice McGowan, in delivering the opin-
ion of the Court, uses this language: "It is true, that the
children and their mother were tenants in common, and that
one tenant in common cannot, at law, sue his cotenant unless
there has been an actual ouster.    But when one tenant in
common conveys to a stranger who sets up title to the whole
and denies that the other tenant has any interest, there is
ouster, and the stranger may be sued in an action at law."
From this it follows that exceptions four and five must
likewise be overruled.

The judgment of this Court is, that the judgment of the
Circuit Court be affirmed.