10195

McINTOSH ET AL. v. KOLB ET AL.

(99 S. E. 356.)

1. LIMITATION OF ACTIONS—MINORITY OF COTENANTS.—The minority of
a cotenant will prevent the running of statute against adult coten-
ants.

2. DEEDS—TAKING EFFECT—EXECUTION.—A deed takes effect at its
execution.

3. DEEDS—CONSTRUCTION—DEED TO MOTHER AND HER "CHILDREN"—
AFTER-BORN CHILDREN.—In case of deed to mother and her children,
where there are children living at date of the deed, the mother and
children then living take, and after-born children are excluded, unless
there is something in the deed to show a contrary intention.

4. DEEDS—CONSTRUCTION—INTENTION.—In construing deed, Court will
ascertain and give effect to the intention expressed without regard
to whether it is in accordance with Court's ideas as to what provisions
of deed should have been.

5. Judgment—Nonsuit—Decision on Merits.—In action involving title to property, a nonsuit granted on ground that undisputed evidence showed that plaintiffs had acquired title by adverse possession was in effect a decision of the case on its merits.

6. Adverse Possession—Running of Statute—Erroneous Opinion on Matter of Law.—Statement by mother's grantee of land conveyed to mother and her children to child claiming interest in land upon mother's death that she could do nothing toward giving the child her share until the youngest of the mother's children became of age, referring to after-born children not entitled to interest therein, was an erroneous opinion on a matter of law which did not affect the running of the statute.

7. Tenancy in Common — Possession Under Deed from Cotenant.— Where mother having property in common with daughter executed deed purporting to convey the entire fee, and grantees took possession of land, such possession and that of others to whom grantees conveyed property amounted to an ouster of daughter, so that possession for requisite period gave grantees title by adverse possession.

8. Adverse Possession—Jury Question.—Ordinarily the question of adverse possession is one of fact for the jury, but, where the evidence is undisputed and susceptible of but one inference, it becomes one of law for Court.

Before Sease, J., Sumter, Spring term, 1918.    Affirmed.

Action for partition.    From an order of nonsuit, plaintiffs appeal.

*Mr. Marion W. Seabrook,* for appellants, submits:    *It cannot be doubted but that when the deed of 1881 was made to Mary A. Weeks and her children, the effect in the beginning was to make her and her children tenants in common:* 91 S. C. 216; 41 S. E. 898.    *The minority of one or more of the tenants in common protects all of them from the adverse possession:* 15 S. C. 365; 48 S. C. 472; 3 Rich. 418; 1 Bailey 192.    *The estate conveyed Mary A. Weeks and her then living children opened and let in the other children who came into being afterwards:* 28 S. C. 125; 5 S. E. 335; IV Bush. 67 Ky. Reports 56 (or 516); I Broon N. J. Law 552.    *The cases excluding the after-born children do not involve deeds or wills made by parents on behalf of their own children:* 3 Strob. Eq. 66; 4 Rich. Eq. 349; 68 S. C. 338;

47 S. C. 375; 2 McC. Eq. 214; 4 DeS. Eq. 268; 89 S. C.,
510; 72 S. E. 149; 73 S. C. 469; 53 S. E. 755. *Appellants had such legal title as to enable them to sue without a reformation of the deed:* Civil Code 1912, sec. 3673,
and authorities in note. *Under its most restricted construction the deed conferred on Mrs. Weeks and her children at least a life estate in common:* 91 S. C. 300; 74·S. E.
374; 64 S. C. 216; 41 S. E. 898; 101 S. C. 424; 85 S. C.
966; 92 S. C. 305; 75 S. E. 497; 77 S. C. 171; 57 S. E.
728; 85 S. C. 474; 67 S. E. 734; 88 S. C. 296; 70 S. E. 804.
*The Court can order partition at the suit of a life tenant without deciding to whom the land would go at the termination of the life estate:* 2 S. C. 277; 30 Cyc. 182, and notes;
30 Cyc. 199. *Adverse possession could only run against Mrs. McIntosh after reaching her majority and after an ouster which will not be presumed:* 21 S.C.511;26 S. C. 244;
1 Strob. Eq. 593; 1 McC. 131. *Where different inferences are to be drawn from the same testimony the inference to be drawn is for the jury:* 54 S. C. 498. *Possession to be adverse must be exclusive as well as hostile:* 3 Strob.
Law 474, and note; 2 C. J. 118. *If the witness, Mrs. McIntosh, contradicted herself, it was for the jury to decide which part of the testimony was to be taken:* 26 S. C. 187;
20 S. E. 745 (S. C.) ; 33 S. C. 198; 38 Cyc. 1557 and 1558.
*And, if Mrs. McIntosh made out legal title to the land, by the express direction of section 126 of Code 1912, it will be presumed that she had possession within the period of limitations, and that the possession of the defendants was in subordination to her legal title, casting the burden on the defendants to show that their possession was adverse. One cannot avail himself of the statute of limitations unless he sets it up in his answer:* 9 S. C. 376.

*Messrs. L. D. Jennings* and *A. S. Harby,* for respondents,
submit: *The deed to Mary A. Weeks and her children included only such children as were in being at the time of its execution:* 28 S. C. 129; 91 S. C. 300; 73 S. C. 469;

89 S. C. 510; 2 McC. Chancery 213; 73 S. C. 469; 53 S. E. 755; 6 L. R. A. (N. S.) 330n. *The plaintiff, Mrs. McIntosh, had been ousted:* 61 S. C. 276; 48 S. C. 28. *The possession of defendants was adverse:* 68 S. C. 468. *When the testimony is susceptible of only one reasonable inference, it becomes the duty of the Court to declare that inference and take the case from the jury.*

April 29, 1919.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiffs appeal from an order of nonsuit. They sued in 1915 for partition of a tract of land, claiming six-sevenths thereof. Defendants denied that plaintiffs had any interest and pleaded the statute of limitations and title in themselves by adverse possession. The sole issue made by the pleadings and evidence was the issue of title in defendants, and that issue was tried before the Court and a jury.

From plaintiffs' evidence it appeared that on October 26, 1831, W. W. Weeks and Harriet E. Harvin, for $100 paid by Mary A. Weeks, conveyed the tract to Mary A. Weeks and her children—*habendum,* "unto the said Mary A. Weeks, her children and assigns forever." The word "heirs" printed in the *habendum,* was stricken out.

At date of this deed Mary A. Weeks had three children living, one of whom is the plaintiff, Mrs. McIntosh. The other two died in infancy. After the deed she had five other children, one of whom is the plaintiff, Mrs. Geddings. The other four conveyed all their interest in the land to plaintiffs.

On February 17, 1892, Mary A. Weeks conveyed the entire estate in the tract to Ann J. Ardis, "her heirs and assigns forever." On November 19, 1892, Ann J. Ardis conveyed it to defendants. These deeds were all duly recorded. Defendants have been in possession claiming adversely, since November 19, 1892.

The controlling question is whether the children born to Mrs. Weeks after the execution of the deed to her took under it. If they did, they became cotenants of Mrs. McIntosh, and the minority of some of them prevented the running of the statute against her, under the rule of this State that the minority of one cotenant will prevent the running of the statute against the adults; otherwise the defenses were made out by the undisputed evidence.

A deed takes effect at its execution; hence the rule of construction is that, in case of a deed to a mother and her children (where there are children living at date of the deed), the mother and children then living take, and after-born children are excluded, unless there is something in the deed to show a contrary intention. *Melichamp v. Melichamp,* 28 S. C. 125, 5 S. E. 33, and cases cited. See, also, *Folk v. Hughes,* 100 S. C. 220, 84 S. E. 713.

Appelllants earnestly insist that this case ought to be distinguished, on the ground that in all cases in which that rule was applied the deeds construed were deeds of gift from parents to their children and living grandchildren, for whom a grandparent would naturally have more affection and inclination to provide than for unborn grandchildren; while in this case the deed was made at the instance of the mother for valuable consideration paid by her, and it should be presumed that a mother would naturally intend to benefit all her children alike, those to be born as well as those already born.

Without conceding the truth of the premise as to any difference in the natural affection of grandparents, so far as it affects their respective inclination to make provision for the benefit of the offspring, the ground of distinction is unsound. It would lead us away from the intention expressed in the deed to the realm of conjecture. The rule is rested upon the ground that it gives

effect to the intention expressed, and that is the main purpose of construction. In construing the deed, we are not to inquire what provisions, in our opinion, should have been inserted, nor are we to be influenced by our own notions as to what provisions would have been made, if the promptings of natural affection and duty had been allowed free play. That would be making a deed by construction rather than interpreting the one which the parties made. We are to ascertain and give effect to the intention expressed, without regard to whether that is or is not in accord with our own ideas as to what it should have been. *Roundtree v. Roundtree,* 26 S. C. 450, 2 S. E. 474; *Rosborough v. Hemphill,* 5 Rich. Eq. 95, 105. Nor does the fact that full consideration was paid by the mother vary the construction. That fact would have due weight in an action to reform a deed, where by fraud, accident, or mistake, an estate of less value than that paid for was conveyed.

In this connection we may dispose of the exception that the Court erred in suggesting that plaintiffs might bring action for reformation of the deed. Evidently that suggestion was not well considered; for, as plaintiffs say, the reformation suggested, that the word "heirs" should have been used in place of the word "children," would put the entire estate in Mrs. Weeks, and, by her deed, in defendants. But plaintiffs were in no wise prejudiced by the suggestion. The Court intended to benefit them, for otherwise a verdict would have been directed for defendants. But, as the nonsuit was granted on the ground that the undisputed evidence showed that defendants had acquired title by adverse possession, it was in effect a decision of the case on the merits.

Mrs. McIntosh is the only child of Mrs. Weeks now living who took under the deed. The evidence shows that Mrs. Ardis took possession under the deed from Mrs. Weeks which purported to convey to her the entire estate in the tract in fee, and that her grantees, the defendants, have held adverse possession thereof

against Mrs. McIntosh since 1892, for more than 20 years before the action was brought, and for about 14 years after Mrs. McIntosh attained her majority. She knew of her interest and that it was being held adversely to her. She testified that she applied to Mrs. Ardis twice for her part, and that she refused to give it to her, and Mrs. Ardis told her that she could do nothing until the youngest of her mother's children became of age. That was merely an erroneous opinion upon a matter of law, which did not affect the running of the statute. Besides, there is nothing to show that Mr. Ardis had any authority to speak for or bind Mrs. Ardis, who, according to Mrs. McIntosh's own testimony, had twice denied her claim to any interest in the land. Under the authority of *Sudduth v. Sumeral,* 61 S. C. 276, 39 S. E. 534, 85 Am. St. Rep. 883, it is clear that the deed from Mrs. Weeks to Mrs. Ardis, purporting to convey the entire estate in fee and the possession of the latter and her grantees thereunder, amounted to an ouster of Mrs. McIntosh, and that defendants have acquired title by adverse possesion.

Ordinarily the question of adverse possession is one of fact for the jury; but where, as in this case, the evidence is undisputed and susceptible of but one inference, it becomes of law for the Court.

The foregoing conclusions make it unnecessary to consider the other questions argued.

Judgment affirmed.