**ALLEN et ux. v. BASHOM et ux.**

No. 1866.

Court of Civil Appeals of Texas. Beaumont.

Feb. 7, 1930.

Rehearing Denied April 23, 1930.

Tom F. Coleman, of Lufkin, for appellants.

C. E. Brazil, of Lufkin, for appellees.

WALKER, J.

As appellees have filed no brief herein, we take the statement of the nature, result, and facts of this case from appellants' brief. This is a boundary suit involving the conflict between the Allen 160 acres and the Goodwin 320 acres in Angelina county. The suit was brought by appellees, who claimed that the Allen survey conflicted with that part of the Goodwin survey owned by them to the extent of eight or ten acres. Their action was in the form of trespass to try title. Appellants answered by pleas of general denial and not guilty, and by cross-action claiming 27 acres, including the land in conflict, by special pleas of limitation. Appellants contended first that there was no conflict, and that the lines of the Goodwin did not cross the Allen. On this issue appellants sustained their theory by a number of witnesses but the jury decided against them, locating the lines of the Goodwin so as to include in that survey the eight or ten acres in controversy. Appellants have assigned error against the court's charge and the jury's verdict on this issue, but, in view of the disposition we are making of the case, these assignments become immaterial, and, for the purpose of this opinion, we accept the verdict as returned.

Upon the statement made by appellants, supported by numerous citations from the testimony of both appellants and appellees, they were in undisputed adverse possession, cultivating, using, enjoying, and claiming to own for fifteen years the land in controversy. There was no testimony against their claim of limitation. They requested the trial court to charge peremptorily in their favor on this issue, which request being refused, they asked for the submission of the issues of limitation, which were also refused. Beyond question, upon the statement before us, the court erred in not instructing peremptorily in favor of appellants on their theory of limitation. It follows that the judgment of the trial court should be reversed, and judgment here rendered in favor of appellants, and it is accordingly so ordered.