SMITH v. LEECH.

Opinion delivered October 19, 1931.

*McDaniel & Nall,* for appellant.

*W. H. Evans,* for appellee.

SMITH, J. This litigation involves the title to a small strip of land lying between two larger tracts, one of which is owned by appellant, who was the plaintiff below, and the other by appellees, the defendants.

After proving his title to the tract of land which he claimed, appellant offered testimony to the effect that the disputed strip was a part of the tract to which he had title. Appellees questioned the accuracy of the survey, which showed the strip to be a part of appellant's land, and, in addition, they claimed title by adverse possession. This last defense was submitted under an instruction which reads as follows: "You are instructed that it makes no difference whether or not the survey recently made by the county surveyor is correct or not, provided you find from the evidence that a fence was erected on the east line of the tract of land in controversy, and that said fence or a fence has been continuously on said line for more than seven years, and you believe from the evidence that the strip of land in controversy is east of said fence, and that said J. A. Leech held said strip of land in open, continuous, notorious possession for more than seven years prior to his death, and that his open, con-

tinuous, notorious, peaccable and actual possession, together with the possession, continuously, and adversely and peaceably of the defendants has been for more than thirty years last past, you will find for the defendants.''

The accuracy of this instruction as a correct declaration of the law is not questioned, and the verdict of the jury in defendants' favor thereon is conclusive of this case, as testimony was offered on behalf of appellees, that their ancestor had built a fence on what they claimed is the true line about thirty years ago, and that he and they have since continuously occupied the land to this fence as their boundary line. This being true, it is immaterial whether the fence was built on the true line or not, as the title to the land inclosed by the fence was acquired by the adverse possession.

There was testimony amply sufficient to warrant the submission of this issue to the jury and to support the verdict returned in defendants' favor, and the judgment pronounced thereon must be affirmed, and it is so ordered.