WINTER v. RAGAN.

4-4283

Opinion delivered May 11, 1936.

*Nat T. Dyer,* for appellant.

*Northcutt & Northcutt,* for appellee.

JOHNSON, C. J. This ejectment action was instituted by appellee, Mollie E. Ragan, against appellant, Kate Winters, in the Baxter Circuit Court to recover the following tract of land located in Mountain Home, Baxter County, Arkansas, namely: Beginning at the NW corner of the SW¼ of NE¼, section 9, township 19, north range 13 west run south 13½ rods for a beginning point, run thence south 15 feet, thence east 16 rods, thence north 15 feet, thence west 16 rods, to, place of beginning.

The following map clarifies the issues and identifies the small tract of land in controversy, same being identified on the map as "disputed strip."

Appellant answered appellee's complaint by denying the material allegations thereof and affirmatively pleaded actual adverse possession of the disputed tract of land for the past forty years.

Upon trial to a jury a verdict and consequent judgment was entered in favor of appellee and against appellant from which this appeal comes.

The view entertained by the court renders it unnecessary to discuss or decide but one issue presented in briefs, namely: adverse possession.

The undisputed testimony adduced upon the trial reflects that more than forty years ago one George W. Foster purchased the tract of land identified upon the map as "Winter Tract" from one Finley and imme-

diately thereafter inclosed, with a fence, this disputed strip of land. Foster remained in the actual possession of the disputed tract until 1918 when he sold and conveyed the whole tract to Mrs. Winter, the appellant here. Mrs. Winter has, since her purchase, kept the disputed tract inclosed and in actual cultivation up to the bringing of this suit in 1933.

In 1917, one Aylor, purchased the tract of land lying immediately south of the Winter tract and subsequently conveyed the same to Mrs. Ragan, the appellee here. This tract is identified on the map as the "Ragan tract."

Mrs. Ragan's grantor, Aylor, was a witness in the case and testified that in 1902 or 1903 the disputed tract was within Foster's inclosure and so remained until his purchase of the south adjoining land in 1917. Mrs. Ragan admitted at the trial that the disputed tract was within the Foster-Winter inclosure when she purchased from Aylor in 1929, and has remained so inclosed since her purchase.

Under the above-narrated undisputed facts the tract of land in controversy became a part and parcel of the "Winter Tract" by actual adverse possession long prior to Aylor's purchase in 1917. *Miller* v. *Fitzgerald,* 169 Ark. 376, 275 S. W. 698, and cases there cited.

Appellee insists, however, that appellant's continuity of possession was broken in 1924 by the incidents hereinafter referred to, or else that appellant's possession of the disputed tract was permissive. To establish these contentions appellee adduced testimony to the effect that in 1924 a survey of the coterminous owners was made which established the dividing line between appellant's and appellee's tracts of land as the north line of the disputed tract and that appellant's husband was apprised thereof and acquiesced therein. The testimony adduced in this behalf falls far short of showing permissive user by appellant of the disputed tract or that her continuity of actual adverse possession was broken thereby. At the time this survey was effected in 1924; appellant and her immediate grantors had been in the actual adverse possession of the disputed tract for more than

thirty years, therefore title had vested by limitation long prior to the survey. *Mustain* v. *Smith,* 187 Ark. 1163, 63 S. W. (2d) 537; *Smith* v. *Leech,* 184 Ark. 421, 42 S. W. (2d) 545; *Stroud* v. *Snow,* 186 Ark. 550, 54 S. W. (2d) 693. Moreover the title to the Winter's tract was in Mrs. Winter and not her husband, and no effort was made to show that Mr. Winter was acting as agent of his wife in the premises.

If the law of adverse possession is to have any stability in this State it should be applied to the facts and circumstances of this case. Mrs. Winter and her predecessor in title have had this disputed strip of land inclosed and in actual adverse use for more than 40 years prior to the filing of this suit and we know of no rule of law or in equity which admits appellee's position of divesting title once acquired. *McDonald* v. *Roberts,* 177 Ark. 781, 9 S. W. (2d) 80.

It follows from what we have said that the trial court erred in refusing to direct the jury to return a verdict in favor of appellant as requested by her. The cause of action seems to have been fully developed; therefore, it will be reversed with directions to dismiss the complaint. It is so ordered.