LOUIS DEPONTE, SR. *v.* ULUPALAKUA
RANCH, LIMITED.

No. 4357.

August 26, 1964.

Tsukiyama, C.J., Cassidy, Wirtz,
Lewis and Mizuha, JJ.

OPINION OF THE COURT BY MIZUHA, J.

Plaintiff-appellee brought suit against defendant-appellant to establish plaintiff's title to 32.73 acres of land situate at Honuala, County of Maui, and to recover for

the reasonable rental value of the land as a result of defendant's allegedly wrongful and unlawful withholding of the same, for the value of fence which had been removed by defendant, and punitive damages and costs.

The principal defense to the action was that of adverse possession. Both at the conclusion of plaintiff's case and at the conclusion of the trial, defendant moved for a directed verdict but the trial court denied the same. The jury found for the plantiff. Defendant's motions for judgment n.o.v. and in the alternative a new trial were denied.

Appellant contends in this court that "the trial court erred in denying defendant-appellant's motion for directed verdict and for judgment notwithstanding the verdict because the evidence showed that, as a matter of law, defendant-appellant had acquired title by adverse possession." We agree with this contention and therefore, without reaching the numerous other specifications of error presented to us, confine our consideration to this particular question.

The evidence was undisputed that appellant had used the parcel of land in question as part of its 500 acre Puumahoe pasture continuously for 33 years; that the land had been cleared several times and grass planted; that the defendant "run[s] cattle in there pretty near all year round"; that no one else used or was permitted to use the land during this period; that defendant paid real property taxes on it for the years from 1937 up to the time of the trial; that it had posted this particular parcel at least during one period in the past; and had always posted the general ranch property within which it was contained; and that throughout all these years it claimed the land as its own. No claim to the land had been made by anyone until January 1960 when the deed to plaintiff was made and recorded. In February 1960 plaintiff entered

the land and began to construct a fence around the property. After its completion in May 1960, defendant cut the fence on May 17, 1960.

After a careful examination of the record, we conclude that for more than 31 years[1] prior to the erection of the fence by plaintiff, defendant had possession of the land in dispute, and that such possession was actual, open, hostile, notorious, continuous and exclusive.[2] We find that the conclusion of the jury was not supported by any evidence. Plaintiff offered no evidence as to the nature of defendant's possession. In the absence of any explanation whatsoever, "where one is shown to have been for the statutory period in actual, open, notorious, continuous and exclusive possession, apparently as owner, and such possession is unexplained, either by showing that it was under a lease from, or other contract with or otherwise by permission of the true owner, the presumption is that such possession was hostile." *Albertina* v. *Kapiolani Estate,* 14 Haw. 321, 325. *Kapiolani Estate, Ltd.* v. *A. S. Cleghorn,* 14 Haw. 330.

Plaintiff's grantor[3] was 53 years of age when he deeded the land to plaintiff. He continuously lived in the County of Maui where the parcel of land was situated, and at no time during the 31 years that defendant occupied and used the property did he assert any claim to the property nor was there any such act or course of conduct on the part of defendant towards plaintiff's grantor as to indicate

---

[1] Suit was filed February 23, 1961. The cowboy foreman for defendant testified September 23, 1961, that defendant had possession for 33 years.

[2] R.L.H. 1955, § 241-30. No person shall commence an action to recover possession of any lands or make any entry thereon unless within ten years after the right to bring such action first accrued.

[3] Deed of John Paakoa Halaulani to plaintiff dated January 13, 1960. Deed from John Paakoa Halaulani, also known as John Kuloloia Paakoa Halaulani to plaintiff dated, May 20, 1960.

that the possession was in subordination to the grantor's title, if any. See *Smith* v. *Hamakua Mill Co.,* 15 Haw. 648; *Peabody* v. *Damon,* 16 Haw. 447.

Plaintiff contends that defendant's payment of taxes is insufficient as a matter of law. Although taxes were paid for the years 1937-62, the first payment was made in October 1950, for the years 1937-50. Thus, plaintiff claims that defendant's payment of taxes was less than the ten years required by Chapter 241, R.L.H. 1955, for plaintiff entered the land in February 1960. Payment of taxes over the statutory period is only one of the factors to be considered in establishing adverse possession. 3 Am. Jur. 2d, *Adverse Possession,* § 124; *Re Land Title, Wong,* 47 Haw. 412, 391 P.2d 403. See *Territory* v. *Pai-a,* 34 Haw. 722; *Kainea* v. *Kreuger,* 31 Haw. 108; *O.R. & L. Co.* v. *Kaili,* 22 Haw. 673. *Paulo* v. *Malo,* 6 Haw. 390. There is no requirement that taxes be paid throughout the adverse period to establish adverse possession. We do not find here as in *Territory* v. *Pai-a, supra* at 728, the failure to pay taxes over a long period of time, as to which this court stated "this is a fact which, while not of itself controlling detracts from the strength of appellant's claim of ownership by adverse possession."

Plaintiff further contends that the fact defendant took a deed from one Mary Kala in October 1960 for the property in question can be construed as recognition of title in another which is inconsistent with its claim of title by adverse possession. At the time of purchase, defendant had been in possession for over 31 years, and had perfected its title by adverse possession many years prior thereto. In defendant's acquiring this quitclaim deed, there is nothing partaking of the nature of an acknowledgment of the superiority of Mary Kala's title or the abandonment of the defendant's claim to title by adverse possession. *Mahukaliilii* v. *Hobron,* 5 Haw. 104; *Smith* v. *Hamakua*

*Mill Co.,* 13 Haw. 716. *Hallowell* v. *Borchers,* 150 Neb. 322, 34 N.W.2d 404. See 125 A.L.R. 831-32; 3 Am. Jur. 2d, *Adverse Possession,* § 85; 2 C.J.S., *Adverse Possession,* § 151.

Ordinarily it is within the province of the jury to determine from conflicting or doubtful evidence the existence of facts necessary to constitute adverse possession, but where, as in this case, the evidence as to the facts necessary to constitute such possession for the statutory period is clear and undisputed and susceptible of but one inference, it becomes one of law for the court. 2 C.J.S., *Adverse Possession,* § 228. *Kapiolani Estate* v. *Kaneohe Ranch Co.,* 14 Haw. 643; *McIntosh* v. *Kolb,* 112 S.C. 1, 99 S.E. 356; *Winter* v. *Ragan,* 192 Ark. 709, 94 S.W.2d 362; *Blalock* v. *Thomas,* 176 Ga. 407, 168 S.E. 13; *Allen* v. *Bashom,* 27 S.W.2d 376 (Tex. Civ. App. 1930); *Simon* v. *School Board of District No. 2,* 299 Mich. 478, 300 N.W. 851; *Fitschen Bros. Commercial Co.* v. *Noyes' Estate,* 76 Mont. 175, 246 Pac. 773. See *Tagami* v. *Meyer,* 41 Haw. 484; *Bishop* v. *Kalua,* 36 Haw. 164; *Kalamakee* v. *Wharton,* 16 Haw. 228; *Albertina* v. *Kapiolani Estate, supra.*

The defendant, at the close of the evidence, moved for a directed verdict. Since defendant was entitled to such a verdict, the court erred in denying defendant's motion for judgment notwithstanding the verdict returned by the jury in the plaintiff's favor.

Reversed and remanded for entry of judgment for defendant.

*Daniel H. Case (Pratt, Moore, Bortz & Vitousek* with him on the briefs) for defendant-appellant.

*Frank D. Padgett (Robertson, Castle & Anthony* with him on the brief) for plaintiff-appellee.