## JOHN F. COLBURN v. ANTONINO A. LONG.

ERROR TO CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED FEBRUARY 13, 1913.              DECIDED FEBRUARY 18, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

COSTS—*reference to master—transcript of evidence.*

> A master appointed, with the consent of the parties, in a suit in equity for an accounting is entitled to compensation for his services and to an allowance for the cost of a transcript of evidence necessarily and reasonably incurred by him in the performance of his duty. The cost of the transcript may, in such a case, be taxed against the losing party.

OPINION OF THE COURT BY PERRY, J.

This was a suit in equity for an accounting, instituted by the present defendant-in-error against the present plaintiff-in-error.

Colburn v. Long, 21 Haw. 428.

Upon stipulation of the parties an interlocutory decree was made ordering that the cause be referred to "a referee to take evidence of and upon and report to the court the transactions and dealings of the parties hereto" concerning the moneys and other property mentioned in the bill of complaint. Hearings were had before the referee on August 24, 25, 28 and 30, 1911, and on June 13, 1912. After August 30, 1911, further hearing was delayed from time to time owing to other engagements of counsel for the respective parties, one of the continuances, for several months, being due to the absence of the attorney for the appellant from the Territory. The parties finally compromised their differences and consented to the entry of a decree declaring the agreed amount of the respondent's indebtedness and ordering that "respondent pay to the said complainant" the sum mentioned "with his and all costs herein named and hereafter to be taxed"; and a final decree was entered accordingly. At the hearing before the referee notes of all of the testimony were taken by a stenographer, the parties from day to day advancing each one-half of the stenographer's compensation for his attendance under an agreement that the taxation of the amounts of these payments await the final result of the suit. Several months after the hearing of August 30, 1911, the referee, at the suggestion of counsel for the complainant and without the assent of counsel for respondent, ordered a transcript of the stenographer's notes of the testimony for his own use in the determination of the issues involved as well as for the use of counsel in the further presentation of the case. Subsequently the sum of $136.80 for "stenographer's cost of transcript" was taxed against the respondent. The allowance of the item is now assigned as error.

The power of our courts of equity in proper cases, as, for example, in suits for an accounting, to refer issues to a master or referee is undoubted; and, although there is no provision by statute or by rule for the compensation of referees or for allowances for expenditures necessarily and reasonably incurred

by them in the performance of their duties under the orders of reference, it is equally clear that such a reference carries with it the implication that the master will be entitled to compensation for his services and to reimbursement for expenditures of the nature mentioned.    In the case at bar the parties, in consenting to the reference, must be deemed to have had this in contemplation.    It could not have been their expectation that the master would contribute gratuitously for their benefit his services or the amount of his necessary and reasonable expenditures.

Upon the motion for taxation of costs evidence was introduced tending to show the circumstances under which the transcript was ordered by the master and also the reasonableness of the stenographer's charge.  It appears, by inference at least, from the decision of the trial judge that the latter found that the master in the exercise of a reasonable discretion deemed the transcript necessary to the proper performance of his duties and that the charge for the transcript was a reasonable one. Without reciting the evidence, it will suffice to say that there was evidence sufficient to support each of the findings.    "There shall be no reversal on error of any finding depending on the credibility of witnesses or the weight of evidence."    R. L., §1872.

The order taxing costs is affirmed.

*J. Lightfoot* for plaintiff in error.

*E. C. Peters* for defendant in error.