L. J. FEARY *v.* J. K. SANTOS, LENA SANTOS, SHINICHI B. YANAGIHARA AND YOSHIO YANAGIHARA.

No. 2697.

ARGUED SEPTEMBER 23, 1948.     DECIDED OCTOBER 11, 1948.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY LE BARON, J.

This is an equity case on writ of error. The character of the errors alleged in the assignment of errors impelled this court at the outset of argument to·raise *sua sponte* the jurisdictional question of whether or not it has power to entertain the writ. That question being answered in the negative, there is no need to set forth the assignment other than to indicate the character of these alleged errors. In seeking reversal of a decree of a circuit judge at chambers, the assignment alleges errors in findings of fact made below after trial, which findings admittedly are supported by substantial evidence and depend on the

credibility of witnesses or the weight of the evidence, necessitating this court, if it entertains the writ, to review the evidence adduced in the court below in order to ascertain whether the trial judge rightly interpreted the evidence or drew from it proper conclusions.

Prior to the enactment of Act 42 of Session Laws 1931, now section 9564 of Revised Laws of Hawaii 1945, it is well settled that the supreme court had no authority on writ of error to examine into the credibility of witnesses, weigh evidence or make its own findings of fact, irrespective of whether the case was in term (*Territory* v. *Gay,* 26 Haw. 382; *Hewahewa* v. *Lalakea,* 27 Haw. 544; *Grosjean* v. *Hiyama,* 28 Haw. 211) or in equity (*Colburn* v. *Long,* 21 Haw. 428; *Nawahi* v. *Trust Co.,* 31 Haw. 958). This was a continuing limitation on the appellate power of reversal and had its inception when the legislature first defined a writ of error. (L. 1892, c. 95, § 5.) It was last determined, both as to equity and term cases, upon the provision of section 2524 of Revised Laws of Hawaii 1925 that "* * * there shall be no reversal for any defect of form merely in any declaration, nor for any matter held for the benefit of the plaintiff in error; nor for any finding depending on the credibility of witnesses or the weight of evidence; and provided further, that no error going to the admission or rejection of evidence, or to the giving of or refusing to give an instruction to the jury shall be considered by the supreme court unless the same was made the subject of an exception noted at the time the alleged error was committed." But this section was repealed by Act 42 of Session Laws 1931, which substituted the following provision: "Nor shall there be a reversal in any term case for any defect of form merely in any declaration, indictment or information or for any matter held for the benefit of the plaintiff in error or for any finding depending on the credibility of witnesses or

the weight of the evidence or for any alleged error in the admission or rejection of evidence or the giving of or refusing to give an instruction to the jury unless such alleged error was made the subject of an exception noted at the time it was committed."

As far as term cases on writ of error are concerned, it is manifest that no substantial change has been made in the new provision from the previously declared limitation on the appellate power of reversal. But as far as equity cases on writ of error are concerned, it is not so manifested, the provision being silent thereto. Consistent with the repeal of the general prohibition against reversal on writ of error for certain errors and with the substitution for it of the specific one in term cases for substantially the same errors, an implication arises from the literal meaning of the substituted prohibition that the legislature intended to relax the previously declared limitation on the appellate power of reversal on writ of error and permit equity cases to be reversed for the errors expressly forbidden to be grounds of reversal in term cases. The efficacy of this implication to reflect an intent of the legislature where, as here, that intent has not been expressed, does not depend upon mere desirability or plausibility, but upon the nature of the implication itself as a necessary implication so strong in its probabilities that the contrary thereof can not be reasonably supposed. To ascertain that nature, the implication's effect must be considered in the light of the legislative purpose of the statutes on writs of error as a whole to provide a mode of appellate review separate and distinct from that of an appeal.

The implication that the legislature intended that an error in "any finding depending on the credibility of witnesses or the weight of the evidence" may constitute a ground of reversal in an equity case on writ of error has the effect of giving to the supreme court the same power

over equity cases that it has on appeal and destroys the distinction of remedy between a writ of error and an appeal as concurrent methods of presenting equity cases to this court, one on matters of law and the other on matters of both law and fact. An intent to make such a radical departure contradicts the legislative purpose and that it would be done by mere implication is improbable, nor is it reasonable to presume that the legislature would attempt any such drastic assault upon the integrity of a writ of error or innovation upon the common law conception of a writ of error without expressing it in clear and unequivocal language. A comparable improbability of intent is to be found in the implication's effect upon reversals in equity cases relative to the other errors depicted in the substituted prohibition, such as an error in "any matter held for the benefit of the plaintiff in error." It would be attributing an absurdity to the legislature to say that this particular error or one "in the giving or refusing to give an instruction to the jury" was intended to constitute a ground of reversal in equity cases. There is no need to probe further for improbabilities and absurdities in which the implication under consideration abounds. The implication patently is not a necessary one. It therefore constitutes no part of, and can not be read into, the enactment. The implication thus being devoid of force, the new provision is construed to prohibit reversals on writ of error not only in term cases for all the errors depicted therein consistent with its clear literal meaning, but also in equity cases for those depicted errors which pertain to both equity and term cases as the context of statutory description permits. The literal meaning as to term cases is thereby made effective and at the same time the interdiction against reversals for errors pertinent to equity cases is liberally interpreted to include those cases consonant with the general inhibition of a writ of error which

functions to confine the supreme court to determinations of law and precludes, and is incompatible to, appellate examination into the credibility of witnesses, weighing evidence or making findings of fact. This, in our opinion, is expressive of the legislative intent to repeal and simultaneously re-enact substantially the same provision prohibiting reversals on writ of error as an affirmance and continuance of the previously declared limitation on the appellate power of reversal. It follows therefrom that errors in "any finding depending on the credibility of witnesses or the weight of the evidence" pertain to equity cases in common with term cases and do not constitute grounds of reversal on writ of error under Act 42 of Session Laws 1931 (R. L. H. 1945, § 9564). Such errors are the same in character as those alleged by the instant assignment of errors, and appellate consideration of it is therefore beyond the scope of review on writ of error.

Writ of error dismissed.

*A. K. Trask* (also on the briefs) for plaintiff in error.

*C. E. Cassidy* (*Pratt, Tavares & Cassidy* also on the brief) for defendants in error.