47 Haw. 472 (1964)
391 P.2d 403
IN THE MATTER OF THE APPLICATION OF LEONARD LEONG WONG, TO REGISTER TITLE TO REAL PROPERTY SITUATE AT KAALAEA, KOOLAUPOKO, HONOLULU, OAHU, HAWAII.
No. 4374.
Supreme Court of Hawaii.
April 14, 1964.
TSUKIYAMA, C.J., CASSIDY, WIRTZ, LEWIS AND MIZUHA, JJ.
*473 Arthur K. Trask for motion.
Robert H.K. Chang and Leslie W.S. Lum, contra.
Per Curiam.
Appellant, Leonard Leong Wong, filed an application in the Land Court to register 5.509 acres of land at Kaalaea, Koolaupoko, Oahu, being R.P. 986, L.C.A. 7696, to Kiha no Keolewa, which land is commonly referred to as "Kiha" in the proceedings. Title was claimed to have been perfected by adverse possession of Kaaoaoloa Kukahiko and her son, Kulani Kukahiko, the source of applicant's paper title.
Appellee Hoohila Galbraith Kawelo, also known as Hilda G. Kawelo, contested the application. Her answer claimed ownership of Kiha by adverse possession and also on some theory of a lost grant from either John Montgomery or George Galbraith (claimed to be her grandfather) in whom good title, traceable from the original awardee, ended. The land was conveyed to them as tenants in common in 1863. John Montgomery died in 1876. George Galbraith died in 1904. Both made testamentary dispositions of their full estates. Kiha was not included in the inventory filed in the probate proceedings of either estate. Subject to payment of specific legacies, George Galbraith's property was left in a long term trust. Contestant also claimed that her father, George Manuia Galbraith, was the only legitimate child of the senior Galbraith.
Another contestant, Tokushin Nakamoto, also claimed a small portion of the land by adverse possession, but during the trial nullified his claim by the admission that his possession was with permission of the applicant.
*474 The Examiner had made an adverse recommendation but the applicant elected to proceed. After an extended trial, the Land Court rendered a decision against the applicant. The cause is before us on appeal from the decree dismissing the application. Acting pursuant to the discretion vested in it under R.L.H. 1955, § 342-33, the Land Court decreed that the dismissal was without prejudice.
After appellant's opening brief was filed in this court, appellee Kawelo moved to dismiss the appeal on the grounds that the brief was deficient in several respects under the provisions of Rule 3 of this court. The motion also seeks affirmance under our Rule 6 (f) on the ground that the questions involved are such as not to need further argument.
While the opening brief may be deficient in some of the respects contended by appellee, we think it can be considered as presenting appellant's claim that the Land Court erred in finding that he, as applicant below, had not sufficiently proven title by adverse possession to warrant registration of the land. We will therefore consider whether further argument is necessary on the question so presented.
As has been indicated, the Land Court's decision was to the effect that the applicant had not sufficiently proven his case to warrant registration of the land; that is to say, he had not sustained his burden of proof. In that respect the decision, in part, reads:
"Testimony was taken on April 9, 10, 11, 13, 17, 18 and 23, and on May 11, 14 and 15, 1962. The court viewed the premises, and heard the testimony of twenty-two witnesses. Much of the testimony was to the effect that for years the family of contestant Hilda Kawelo, descended from George Galbraith, had used the land adversely to the Kukahikos, predecessors of applicant, and to the world. There is a mass of testimony, *475 on the one hand tending to prove adverse possession for the statutory period in the claimant Hilda Kawelo, and on the other hand in the Kukahikos, predecessors of the applicant.
"The court is unable to determine from all the mass of testimony which is trustworthy and which is untrustworthy  is unable to say which, the predecessors of the applicant or the claimant Kawelo, if either, ever perfected title by adverse possession."
There is no need to recite the facts in detail. It is evident from our examination of the record including the transcript that the Land Court was confronted with, and its decision was based on, the determination of credibility of witnesses and weight of the evidence.
In respect to the essential element of possession, there was testimony on behalf of contestant Kawelo indicating that she and her father had occupied the land from shortly after the turn of the century openly and to the complete exclusion of the Kukahikos, from whom applicant acquired his paper title, and of all others with the exception of the occupancy of a small portion of Kiha by Tokushin Nakamoto and another small area in succession by Tokuichi Nakama and Zenjiro Ige. In respect to these three individuals, the testimony of and on behalf of the contestant was to the effect that their occupancy was with the consent of and on arrangements made with members of the Kawelo family. On the other hand, diametrically opposing evidence offered on behalf of the applicant was to the effect that since 1935 his predecessors in interest, the Kukahikos, had exclusively possessed Kiha and exercised dominion over it with Ige and Nakamoto occupying and using two small portions of the area with the Kukahikos' consent. (Nakama's occupancy was prior to 1935.)
The evidence on behalf of applicant also shows that the Kukahikos commenced paying taxes on Kiha in 1935 *476 and that when he acquired a deed to the property in 1960 he continued payment of the taxes. Kulani Kukahiko testified that the reason the Kukahikos began paying taxes in 1935 was that his mother, Kaaoaoloa Kukahiko, was advised by one James Hakuole that no one was paying taxes on the land and unless somebody paid the taxes in a hurry the Territory would auction it, and that she should "go up there and claim it."
Appellant's position is shown by excerpts from the opening brief, as follows:
"In an application to register title to real property obtained by adverse possession the Land Court need only determine that the applicant has held the property in question through actual, continuous, hostile, exclusive, open, notorious and adverse possession for a period of over ten years. It is not within the court's power to determine whether a respondent has a claim of adverse possession or not and it should not consider such a claim, nor should such claim affect its decision.
"If the evidence adduced by the applicant covers the elements necessary to prove adverse possession, it is incumbent upon the trial court to make such a finding and register title to the land as set forth under the provisions of Chapter 342, Revised Laws of Hawaii, 1955.
* * * * * * * *
"It is submitted that the appellant has perfected title by adverse possession sufficient to entitle him to have his title registered by the land court, and that the land court should so register it. It is further submitted that any claim of adverse possession by the appellee should be disregarded because of her complete and clear failure to pay any taxes on the Kiha land for over 25 years thereby abandoning any right, title and interest which she may have had therein."
*477 The contentions are unsound. As to the element of taxes, it is clear that the payment of taxes, while an important factor, is only one element to be considered in determining whether adverse possession has been proven or not. 3 Am.Jur.2d, Adverse Possession, § 124, p. 209. See also Territory v. Pai-a, 34 Haw. 722; Kainea v. Kreuger, 31 Haw. 108; O.R. & L. Co. v. Kaili, 22 Haw. 673. And it is evident from its decision and rulings during the trial that the Land Court took full cognizance of the fact that the applicant and his predecessors in interest were credited with the payment of taxes assessed against Kiha from 1935 on and that that fact was weighed with all other circumstances in deciding the cause.
In respect to the other point urged, the appellant's argument in effect ignores the axiomatic rule that in deciding a contested case the trier of the facts does not and cannot consider only the facts presented by one of the party litigants to the exclusion of the facts presented by the other party. Further, it is fundamental that even if the Land Court had before it only the applicant's case, it would not have been required to accept applicant's evidence at face value and grant the relief sought. Pia v. Rapozo, 43 Haw. 199, 200.
In final analysis, what we have on this appeal is a decision resulting in an ultimate finding and conclusion founded on the trial court's determination of the credibility, or lack thereof, of witnesses and the weight of the evidence. In attempting to resolve the conflict the Land Court ended up unable to decide which, if either, of the contesting parties had proven title by adverse possession. We have no difficulty in understanding the court's quandary. It is obvious there was much fantasy in the evidence on each side. However, the applicant had the burden of proof to establish his title. Title by adverse possession must be established by clear and positive proof. Territory *478 v. Pai-a, supra, 34 Haw. 722, 726. The Land Court deemed that the applicant had not carried the burden imposed upon him. The court did not hold, nor does the decision mean, that the contestant had proven title by adverse possession.
It is not our function to try the case de novo. In the view most favorable to appellant[1] we are limited on appellate review of a case of this nature to the determination of whether or not we deem that the trial court's findings were clearly erroneous. Unless we are firmly convinced that a mistake has been made by the trial court, its findings must stand. Peine v. Murphy, 46 Haw. 233, 377 P.2d 708; Mitchell v. Branch, 45 Haw. 128, 363 P.2d 969; Dzurik v. Tamura, 44 Haw. 327, 359 P.2d 164; Miller v. Loo, 43 Haw. 76. See also United States v. Yellow Cab Co., 338 U.S. 338, in which it is stated at p. 342: "While, of course, it would be our duty to correct clear error, even in findings of fact, the Government has failed to establish any greater grievance here than it might have in any case where the evidence would support a conclusion either way but where the trial court has decided it to weigh more heavily for the defendants. Such a choice between two permissible views of the weight of evidence is not `clearly erroneous.'"
From consideration of the full record, taken in light of the opening brief and the argument on the motion to dismiss, we find no reason to believe or conclude that the Land Court's decision was clearly erroneous. Further, *479 we do not see how additional briefing or argument could result in calling for a different conclusion. It appearing at this stage that no further argument is necessary, we hold that the motion under Rule 6 (f) is well taken.
The judgment is affirmed.
NOTES
[1] While review by this court of a decree of the Land Court is now obtained by appeal rather than by writ of error, we note the question of whether this case is actually governed by the "clearly erroneous" rule enunciated by H.R.C.P., Rule 52 (a), or by the more restricted rule applicable to review on writ of error. See H.R.C.P., Rule 81 (a) (d) and (f). However, by reason of the failure of counsel to touch on the point we leave it undecided. As to the scope of review on writ of error under R.L.H. 1955, § 212-14 (made applicable to the Land Court by § 342-36), see Land Title, Waimalu, 33 Haw. 832; Feary v. Santos, 38 Haw. 240.