MARIA COSIE GOMES AND JOSEPH GOMES, TRUSTEES
UNDER THE WILL OF MANUEL GOMES, DECEASED *v.*
WILLIAM UPCHURCH, ET AL.

No. 4543.

NOVEMBER 1, 1967.

RICHARDSON, C. J., MIZUHA, MARUMOTO,
ABE AND LEVINSON, JJ.

OPINION OF THE COURT BY MIZUHA, J.

Plaintiffs-appellees brought suit against defendants to establish plaintiffs' title to 19.93 acres of land in the district of Kona, County of Hawaii, by deed and adverse possession. Defendants-appellants in their answer to the complaint denied that plaintiffs had either paper title or title by adverse possession as to a portion of the property consisting of approximately two acres. The trial judge found that plaintiffs had acquired title to the two-acre portion by adverse possession for a period of over thirty-six years.

Defendants contend that there is insufficient evidence to support the trial judge's finding as to adverse possession. We do not agree.

The parcel of land claimed by plaintiffs is bounded on four sides by a stonewall approximately two feet wide and three feet high which has been in existence over fifty years. Defendants claim an area of slightly less than two acres north of the stone-

wall which plaintiffs contend is their southern boundary. The area claimed by defendants is fully described in Land Patent Grant 5327 to Samuel Liftee, defendants' predecessor in interest.

It is undisputed that the plaintiffs and plaintiffs' predecessor in interest actually used the premises since the date of entry of possession in 1928. The land was used as a fattening pen annually for a minimum period of six months at least. The stonewall surrounding the property was continuously maintained to preserve its effectiveness as a cattle barrier. Plaintiffs have made substantial improvements since 1928. They have constructed a water pipeline system and located a water trough on the premises, seeded the land with guinea grass, cut kiawe trees for fence posts, cut the ekoa trees to allow cattle to feed, and controlled the growth of opiuma and Christmas berry trees.

Sometime between 1931 and 1940, defendants' predecessor in interest, Samuel Liftee, constructed a four-strand fence line through the property claimed by plaintiffs north of the southern stonewall following the purported northerly boundary of Land Patent Grant 5327 to Samuel Liftee. As soon as plaintiffs' predecessor in interest found out about the wire fence, he ordered his sons to take the fence down, which they did. The destruction of the fence was ample notice of plaintiffs' adverse claim. Defendant Upchurch testified that Mr. Liftee knew who tore the fence down and that Mr. Liftee went to see the sheriff and his attorney about the destruction of the fence. No legal action was taken by Mr. Liftee.

Neither defendants' predecessor in interest nor defendants subsequently attempted to construct another fence along the same line, nor did they or any of them again assert any positive act of control or possession of the land involved.

Defendants further contend that plaintiffs or their predecessor in interest have not paid the taxes on the disputed area of slightly less than two acres. Plaintiffs have paid the taxes for the rest of the 19.93 acre parcel, but the disputed area has been assessed by the State Tax Department to the defendants and their predecessor in interest and paid by them as part of Land Patent Grant 5327.

Payment of taxes over the statutory period is only one of the

factors to be considered in establishing adverse possession. *Deponte* v. *Ulupalakua Ranch,* 48 Haw. 17, 392 P.2d 273. *Re Land Title, Wong,* 47 Haw. 472, 391 P.2d 403. See *Territory* v. *Pai-a,* 34 Haw. 722; *Kainea* v. *Kreuger,* 31 Haw. 108; *O.R. & L. Co.* v. *Kaili,* 22 Haw. 673; *Paulo* v. *Malo,* 6 Haw. 390. There is no requirement that taxes be paid throughout the adverse period to establish adverse possession. *Deponte* v. *Ulupalakua Ranch, supra* at 20.

We do not find here as in *Territory* v. *Pai-a, supra* at 728, where this court in affirming a lower court ruling against a claim of adverse possession due to lack of hostility, stated that the failure to pay taxes over a long period of time "is a fact, which, while not of itself controlling, detracts from the strength of appellants' claim of ownership by adverse possession."

The evidence clearly shows that plaintiffs and their predecessor in interest have been in actual, open, hostile, notorious, continuous, and exclusive possession of the land in question for the statutory period. *Deponte* v. *Ulupalakua Ranch, supra.*

Judgment affirmed.

*Ton Seek Pai* (*Okumura* and *Takushi* of counsel) for defendants-appellants *William Upchurch, Elaine Upchurch, Keikilani Gallagher, Heirs of Emmaline L. Upchurch, Henry A. Wong, Thelma Wong, Francis K. Chun* and *Gloria C. Chun.*

*Merrill L. Carlsmith*

*Tamotsu Tanaka* (*Carlsmith, Carlsmith, Wichman* and *Case* of counsel) for plaintiffs-appellees.