TUNG-MING LAI and CHIN-YU LAI, husband and wife, and ARTHUR K. TRASK and NANA REEDER HALL TRASK, husband and wife, Plaintiffs-Appellees, *v.* KULANI KUKAHIKO, WENTWORTH KEALOHA, and TO ALL WHOM IT MAY CONCERN, Defendants-Appellants

NO. 5922

SEPTEMBER 23, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam*. Defendants Kulani Kukahiko and Wentworth Kealoha (appellants) have appealed from an adverse judgment in a quiet title action brought by plaintiffs Tung-Ming Lai and Chin-Yu Lai, husband and wife, and Arthur K. Trask and Nana Reeder Hall Trask, husband and wife (appellees), in a jury waived trial involving two parcels of land situated in Kaalaea, Koolaupoko, Oahu, Hawaii. Judgment was entered quieting title in plaintiffs and dismissing defendants' counterclaim of title in fee to the same parcels by adverse possession. We affirm.

### STATEMENT OF THE CASE

The property in dispute consists of two one-acre parcels of land located on the southerly side of Pulama Place at Kaalaea, Koolaupoko, Oahu, Hawaii, and being portions of a larger acreage of land commonly referred to as "Kiha" land, of Royal Patent 689, Land Court Award 7696 to Kiha no Keolewa. Appellees claim title to the land by adverse possession established by their predecessors in interest, George Manuia Galbraith (hereinafter Manuia Galbraith) and Hoohila Hilda Galbraith Kawelo, also known as Hilda G. Kawelo, Manuia Galbraith's daughter (hereinafter Hilda Kawelo). Appellees also claim title by a lost grant from George Galbraith, who appellees assert is the father of Manuia Galbraith, and John Montgomery, tenants in common to Kiha by virtue of a conveyance in 1863 from one Paul F. Manini. Paul F. Manini bought the land in 1861 from the original grantee, Keolewa.

Appellants assert superior title to the entire L. C. Aw. 7696, which includes the disputed parcels, by adverse possession established by their predecessor in interest, Kaaoaoloa Kukahiko, also known as Alice Kukahiko.

In rendering judgment herein for the appellees, the trial court made the following findings of fact and conclusions of law, *inter alia:*

FINDINGS OF FACT:
    . . . .

3. Hoohila Hilda Manuia Galbraith Kawelo derived all of her right, title and interest to Kiha no Keolewa from her father George Manuia Galbraith by way of inheritance and succession. George Manuia Galbraith derived all of his right, title and interest from his father George Galbraith and John Montgomery, tenants in common, by deeds of conveyance, which deeds are now lost. George Galbraith and John Montgomery derived all of their right, title and interest to Kiha no Keolewa from Paul F. Manini by deed of conveyance dated February 7, 1863, recorded in the Bureau of Conveyances of the State of Hawaii in Book 16, page 228. Paul F. Manini derived all of his right, title and interest to Kiha no Keolewa from Keolewa by deed of conveyance dated April 24, 1861, recorded in the Bureau of Conveyances of the State of Hawaii in Book 16, page 228. Keolewa was awarded the Kiha lands at Kaalaea, Koolaupoko, Oahu, by Land Commission Award No. 7696 and Royal Patent No. 986. A lost grant is established.

4. Hoohila Hilda Manuia Galbraith Kawelo, her father George Manuia Galbraith, her husband Joseph Kawelo, her sons, her daughters, and their families farmed Kiha by raising cattle and pigs and planting taro, pineapple, sugar cane, and other vegetables since the conveyance to grandfather George Galbraith; and for a period of at least 112 years were in open, notorious, actual, continuous, hostile, and exclusive possession of the Kiha land; and continuously fenced and maintained hostile and exclusive possession thereof with traditions of family burial grounds and heiau monuments of Kiha. Hoohila Hilda Manuia Galbraith Kawelo did not pay real property taxes prior to 1965, but since the case of *Re Land Title, Wong*, 47 Haw. 472, 1965 to present has paid taxes on Kiha.

a. Witness Paul Newalo, Sr. who was in the general contracting business and who employed Joseph Kawelo, Hoohila's husband, from time to time as a truck driver, since 1907, saw George Manuia Galbraith farming the land of Kiha some time in 1913. Specifically, Newalo did

not see John Kukahiko, the father of Defendant Kulani Kukahiko, working in the land of Kiha. Newalo knew of the Galbraith-Kawelo burial grounds.

b. Witness William P. Kapu supported the claim of Hoohila Hilda Manuia Galbraith Kawelo, predecessor in title to plaintiffs herein. His father was in the taro business, making and selling poi, and was also in the rice business in the adjoining district of Kahaluu; since he was a boy Kapu helped his father haul taro and rice from 1910 to 1925; he saw George Manuia Galbraith grow taro in the land of Kiha which Kapu and his father made into poi from George Manuia Galbraith's taro, from the land of Kiha; Kapu saw the various types of taro that were grown by the Galbraith-Kawelo family; and Kapu saw John Kukahiko, father of Respondent Kulani Kukahiko, but Kapu did not see John Kukahiko in the land of Kiha. Kapu saw John Kukahiko work in a parcel of land which adjoined Kiha.

5. Respondent Kulani Kukahiko attempted to remove the Kawelo family in 1961. Respondent Kukahiko built a fence on Kiha in 1937. Respondent Kukahiko visited the Kiha lands about fifty times from the period 1946 to present, without more. Respondent Kukahiko's mother Alice Kukahiko began to pay taxes on Kiha since 1935 to present. Alice Kukahiko collected rental on two occasions from a farmer living on a portion of Kiha, — But from all the evidence Defendant has failed to prove adverse possession, amounting to a disseisin of Hoohila Hilda Manuia Galbraith Kawelo.

. . . .

Conclusions of law:

1. Plaintiffs Tung-Ming Lai and Chin-Yu Lai have good right, title and interest and are the present owners in fee simple of the parcel of land described [herein];

. . . .

2. Plaintiffs Arthur K. Trask and Nana Reeder Hall Trask have good right, title and interest and are the present owners in fee simple of the parcel of land described [herein];

. . . .

3. Respondents Kulani Kukahiko and Wentworth Kealoha did not possess the Kiha lands adversely for a period of twenty years.

4. Respondents Kulani Kukahiko and Wentworth Leialoha's [sic] counterclaim filed herein is without merit and is dismissed with prejudice.

The appellants attack findings of fact numbers 3, 4, and 5 as being clearly erroneous and unsupported by the evidence; conclusions of law 1 and 2 as being erroneous because based on facts 3 and 4; conclusion of law number 3 as erroneous because it ascribes adverse possession to defendants only and not to defendants and defendants' predecessor in interest; that conclusion of law number 4 as erroneous because based on findings of facts numbers 3, 4 and 5.

Appellants claim that the facts do not support appellees' predecessors' claim of right to the property. Appellants further contend that because Manuia Galbraith refused to pay taxes on Kiha land,[1] and Hilda Kawelo did not pay taxes until 1965 or 1966, and because Manuia disclaimed having "paper title" to the land,[2] this was evidence of abandonment of right in or claim to the property. Appellants further contend that the facts instead establish title by adverse possession by appellants and appellants' predecessor in interest, Alice Kukahiko.

## OPINION

The question for resolve is whether the trial court's findings of fact are clearly erroneous as contended by the appel-

---

[1] In the court below, Olivia Kawelo Padeken testified to a conversation in which her grandfather Manuia said to Mrs. Kukahiko when she said she would pay the taxes on the land, "It's up to you. If you want to pay the taxes, you go ahead and pay it because I'm not a damn fool to pay tax that I don't feel I should be paying. But I am only going to use the land".

[2] Mrs. Padeken further testified that she heard her grandfather say: "Well, I'm not going to pay the taxes because I don't know, *I don't have any paper title,* although, all I was told, this is my father's land, my father told me this is my land. My boy, if you have any more strength, you want to work on the land, this is my land, you go ahead and work on it. So I'm only going to work on the land. I'm not going to pay the taxes because I don't know. I don't know whether my father owned the land or there was any paper, but I'm just going to work on it." (Emphasis added.)

lants. In our opinion, the record herein shows clearly that the findings of fact of the trial court are supported by substantial evidence and are not clearly erroneous[3] as contended by the appellants.

We are of the further opinion that the appellees and their predecessors in interest, under a claim of ownership, have been in actual, open, hostile, notorious, continuous, and exclusive possession of the land in question for many years more than the required statutory period.[4]

However, the appellants contend that the appellees are precluded from proving adverse possession because of their failure to pay taxes prior to 1965 or 1966 and because of Manuia Galbraith's disclaimer of paper title.

In our opinion, appellants correctly state the rule in this jurisdiction in their opening brief, that payment of taxes, while an important factor, is only one factor to be considered in determining whether adverse possession is proven or not. *Gomes v. Upchurch,* 50 Haw. 125, 126-27, 432 P.2d 890 (1967);

---

[3] Rule 52(a), H.R.C.P., provides in pertinent part:

(a) . . . Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. . . .

*See* Re Land Title, Wong, *supra* at 478; Campbell v. Deponte, 57 Haw. 519, 522, 559 P.2d 739 (1977); Miller v. Leadership Housing Systems, 57 Haw. 321, 326, 555 P.2d 864 (1976).

[4] HRS § 669-1(b) (Supp. 1975) governing quiet title actions reads as follows:
. . . .

(b) Action for the purpose of establishing title to real property may be brought by any person who has been in adverse possession of the real property for not less than *twenty years.* (Emphasis added.)

However, section 6 of Act 26, S.L.H. 1973, amending § 669-1 stated:

This act shall take effect upon its approval and shall govern any case or controversy which shall arise after the effective date of this Act; provided,however, that this Act does not *affect rights and duties that matured,* penalties that were incurred, and proceedings that were begun, before its effective date. (Emphasis added.)

During the 1800's when Manuia Galbraith went into possession of Kiha, the prescriptive period was twenty years, S.L.H. 1870, Act 22 §1, governing limitation on real actions. In 1898, the prescriptive period was amended to ten years (S.L.H. 1898, Act 19) which was maintained until Act 26 above was passed. Since appellees' predecessors have been found to be in adverse possession for over 112 years, the controlling period is not crucial to the court's ruling on the applicable statutory period.

*In re Land Title, Wong,* 47 Haw. 472, 477, 391 P.2d 403 (1964). Although nonpayment of taxes for a long period of time "detracts from the strength of . . . [appellees'] present claim of ownership," *Territory v. Pai-a,* 34 Haw. 722, 728 (1938), it has never been held to be a controlling factor. Thus, Manuia Galbraith's refusal to pay taxes on the land does not necessarily mean that he had no intention to claim the land as his own, and the trial court is free not to impose such a construction upon the statement.[5] Testimony by other witnesses tend to show that Manuia did claim ownership of the land and conducted himself as if he were the rightful owner.[6]

We are of the further opinion that Manuia Galbraith's disclaimer of having paper title does not foreclose proof of title by adverse possession by appellees. As the court said in *Territory v. Pai-a, supra* at 725-26: "It is the rule in this jurisdiction that color of title is not indispensable to prove title by adverse possession if the other necessary elements, namely, actual, open, notorious, continuous and exclusive possession for the statutory period as the apparent owner, are shown to exist, and is not explained." *See also* 5 Thompson, Law of Real Property, Adverse Possession § 2550 (Supp. 1976).

We are of the further opinion that the appellants and their predecessors in interest did not possess the lands in question adversely, in the manner required by law, for the required statutory period. Their asserted acts of ownership and possession were minimum at best.

It is well established that one claiming title to real property by adverse possession must bear the burden, *Territory v. Pai-a, supra* at 726; *Leialoha v. Wolter,* 21 Haw. 624, 630 (1913); *Smith v. Hamakua Mill Co.,* 15 Haw. 648, 655 (1904);

---

[5] As we stated in *Smith v. Hamakua Mill Co.,* 15 Haw. 648, 655 (1904):

Where testimony of the statements of parties as testified to by witnesses are reasonably capable of more than one construction, the jury alone is to determine the meaning intended to be conveyed by the witness or the party as well as the credibility of the witness and the inference to be drawn from facts proved where more than one inference may be so drawn reasonably.

[6] Hilda Kawelo testified that her father claimed he owned the land, and when a tenant named Ige came to her father to inquire as to who to make rent payments to, her father told Ige that he didn't have to pay rent to anyone.

*Albertina v. Kapiolani Estate,* 14 Haw. 321, 325 (1902), of proving by clear and positive proof, *Thomas v. State,* 55 Haw. 30, 32-33 n. 5, 514 P.2d 572, 575 n. 5 (1973); *Re Land Title, Wong, supra* at 477; *Territory v. Pai-a, supra* at 726, each element of actual, open, notorious, hostile, continuous and exclusive possession for the statutory period. *Thomas v. State, supra* at 33; *Deponte v. Ulupalakua Ranch,* 48 Haw. 17, 19, 395 P.2d 273, 274-75 (1964); *Suzuki v. Garvey,* 39 Haw. 482, 485 (1952); *Territory v. Pai-a, supra* at 725; *Kainea v. Kreuger,* 31 Haw. 108 (1929); *George v. Holt,* 9 Haw. 135, 137 (1893).

The trial court, therefore, did not err in its conclusions of law.

Based on the opinion herein, we find it unnecessary to rule on the trial court's application of the presumption of a lost grant to the facts and circumstances of this case. We neither affirm nor reject the court's ruling on the establishment of a lost grant.

*Bernaldo D. Bicoy (Bicoy & Yamane)* for defendants-appellants.

*Joseph A. Kinoshita (Arthur K. Trask* with him on the brief) for plaintiffs-appellees.