In the Matter of the Application of
CECILIA KEOHOKALANI KAMAKANA
To register and confirm her title
to land situated on the southerly
side of Kamehameha V Highway,
at Kawela, Molokai, Hawaii.

NO. 5860

FEBRUARY 16, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR AND KIDWELL, JJ.

 

OPINION OF THE COURT BY RICHARDSON, C.J.

The State of Hawaii appeals from a Land Court Decree holding that applicant-appellee, Cecilia Keohokalani

Kamakana, is the owner in fee simple of Kanoa fishpond.[1] Kanoa fishpond is located in the ahupua'a of Kawela, on the Island of Molokai, and extends out into the sea.[2]

We affirm.

In 1854, the Board of Commissioners to Quiet Land Titles, by L. C. Aw. 8559-B, Apana 28, awarded the ahupua'a of Kawela by name only to William C. Lunalilo. The award did not mention Kanoa fishpond. In 1873, the boundaries of the ahupua'a of Kawela were determined and Boundary Certificate 17 was issued by the Boundary Commissioner for the Second Judicial Circuit. In 1883 Royal Patent 7656 was issued to William C. Lunalilo. The makai boundary of the ahupua'a of Kawela described in Boundary Certificate 17 and Royal Patent 7656 reads: ". . . 300 ch to the sea at S. W. corner of Pond called Kaonini at pile of stones and thence following the shore to point of commencement." Again, there is no mention of Kanoa fishpond.

In 1920, the trustees of the estate of William C. Lunalilo sold by quit-claim deed to Amos F. Cooke the portion of the ahupua'a of Kawela lying makai of the government road. The area sold was stated to be three or four acres more or less plus Kanoa fishpond, the boundaries of which were indicated by "the line of the old seawall which formerly enclosed it."

---

[1] Also known as Kawela fishpond.

[2] Fishponds, both along the shore and inland, were part of a complex aquaculture system developed in pre-historic Hawaii. Although fishponds existed elsewhere in Polynesia, in Hawaii they were widespread and included numerous man-made and natural enclosures of water in which fish and other products were raised and harvested. Hawaiian aquaculture's distinctive feature was the sluice grate with its associated sluice. This grate was stationary, with no moveable parts, and allowed the Hawaiians to progress from tide-dependent fishtraps to artificial fishponds which could be controlled at all times of the tide. *See generally,* R. Apple and W. Kikuchi, *Ancient Hawaiian Shore Fishponds: An Evaluation of Survivors for Historical Preservation* (1975); M. Kelly, *Loko I'a O He'eia* (Bishop Museum, 1975).

Kanoa fishpond is classified as a *loko kuapā,* a fishpond of littoral water whose side or sides facing the sea consist of a stone or coral wall usually containing one or more sluice grates. Kanoa is the type of *loko kuapā* whose wall is built from a point along a relatively straight shore to another point on the shore, forming an arc. Its wall is 2,860 feet long and contains two sluice grates. R. Apple and W. Kikuchi, *id.* at 9, 116.

In 1936, the administrator of the Cooke estate conveyed to William Kamakana Cooke's interest in Kawela land. The deed indicated that 46.5 acres of the land conveyed were fishpond and that the premises and accretions were the same as that conveyed to A. F. Cooke by the Lunalilo estate in 1920.

A month later, William Kamakana conveyed by deed the same property to applicant-appellee, Cecilia Keohokalani Kamakana.

Appellee filed an application in the Land Court of the State of Hawaii to register and confirm her title to the land conveyed to her by William Kamakana situated at Kawela, Molokai. Answers were filed by the State of Hawaii, Inter-alia Corporation, the estate of William Kamakana, deceased, Esther Kamakana Kahalelehua and Abraham K. McAulton. The Land Court decree held that appellee is the owner in fee simple of all the land described in her application including Kanoa fishpond and that title thereto should be registered in appellee's name.

On December 13, 1974, the State of Hawaii duly filed a notice of appeal to this court from the Land Court Decree entered on November 14, 1974.[3] The issues presented on appeal and the order of discussion are:

    I. Whether Kanoa fishpond was included in the Land Commission Award of the ahupua'a of Kawela?

    II. Whether, even if Kanoa fishpond was included in the award, the State of Hawaii had acquired title to the pond by adverse possession?

I.

The State contends that Kanoa fishpond was not in existence at the time the Land Commission awarded the

---

[3] An appeal to a jury in the Circuit Court of the Second Circuit was also taken by the estate of William Kamakana, deceased. The State of Hawaii did not appear. A verdict was entered in favor of appellee. One of the issues determined by the jury was that Kanoa fishpond was included in the land conveyed by Royal Patent 7656 issued to William C. Lunalilo.

ahupua'a of Kawela to William C. Lunalilo and thus was not included in the award. Alternatively, the State argues that even if Kanoa pond was in existence prior to the Land Commission Award, the Boundary Commissioner's determination of the makai boundary and the description in Royal Patent 7656 of the makai boundary of the ahupua'a of Kawela as "following the shore to point of commencement" excluded the fishpond from the grant. Under either theory, Kanoa fishpond would now be public land since Hawaii's land "in its original state is public land and if not awarded or granted, such land remains in the public domain."[4] *State v. Zimring,* No. 5522, Slip. op. at 9, 566 P.2d 725, 731 (June 22, 1977).

In Finding of Fact No. 27, the Land Court determined that Kanoa fishpond was in existence at the time of the Land Commission Award in 1854, although it was not then in active use.[5] A trial court's finding of fact should not be set aside unless it is clearly erroneous. Hawaii Rules of Civil Procedure Rule 52(a), Rule 81(b)(1). Thus, we will not set aside the Land Court's finding that Kanoa pond existed in 1854 unless, after reviewing the record, we are left with "a definite and firm conviction that a mistake has been made by the trial court." *Frey v. Goebert,* 52 Haw. 308, 310, 474 P.2d 537 (1970).

The State bases its contention that Kanoa fishpond was not in existence at the time of the Land Commission Award on the failure of the Boundary Commissioner's certification and the survey accompanying R. P. 7656 to explicitly delineate Kanoa fishpond as part of the makai boundary. Among the

---

[4] *Zimring* points out that in some cases transfer to private ownership can also be shown through operation of common law or as established by pre-1892 Hawaiian usage.

[5] In this regard, it should be noted that the issue of Kanoa fishpond's existence was also determined favorably to appellee by a jury in the Second Circuit. The State, although a party to the Land Court action, did not appear in the Circuit Court proceeding. We need not reach the issue of whether either *res judicata* or collateral estoppel might apply in this instance since the question of Kanoa fishpond's existence is resolved by our holding that the finding of the Land Court was not clearly erroneous.

evidence introduced by the State were surveys accompanying other awards of ahupua'a on Molokai with makai boundary descriptions expressly including fishponds. Also introduced into evidence were surveys of two kuleana grants mauka of Kanoa fishpond abutting the shore which fail to mention Kanoa fishpond as part of the makai boundary description and an 1880 map by S. E. Bishop of kuleana grants along the Kawela coast which also fails to designate Kanoa fishpond.

The appellee's evidence as to the existence of Kanoa fishpond included a sketch of the Kawela coast from M. D. Monsarrat's notebook dated 1890 in which Kanoa pond is described as "an old fishpond." In a survey and map of Kawela dated 1895 also done by Monsarrat, Kanoa pond is outlined and designated as "an old fishpond." Katherine Summers, an expert witness, testified that she had read Monsarrat's diary of 1884 and that Kanoa pond was mentioned in that work.[6] She further testified on the construction of Hawaiian fishponds and gave her opinion that a pond the size of Kanoa could not have been built after the mid-nineteenth century because the ali'i lacked the power to command the common people to participate in building large fishponds after that time.

Appellee presented sufficient evidence to sustain the finding of the Land Court. After reviewing the record in this case, we are not left with the conviction that a mistake has been made by the trial court and we, therefore, uphold the finding that Kanoa pond existed in 1854.[7]

We now turn to the issue of whether Kanoa fishpond, although not specifically mentioned in the Land Commission Award, the Boundary Certificate or the Royal Patent, was

---

[6] It appears that Monsarrat's diary, originally at the State Surveyor's office, was lost subsequent to Ms. Summers' reading and thus could not be put into evidence in this case.

[7] The State also argued that even if Kanoa fishpond had existed prior to the Land Commission Award, it had ceased to exist by 1854. Our holding that Finding of Fact No. 27 is not clearly erroneous also disposes of this contention.

included in the award of the ahupua'a of Kawela to William C. Lunalilo.[8]

L. C. Aw. 8559-B, Apana 28, was an award of the ahupua'a of Kawela by name only, without a survey. The reason for making awards without a survey was explained by this court in *In Re the Boundaries of Pulehunui*, 4 Haw. 239, 240 (1879):

> After the surrender by Kamehameha III, in 1848, of the greater part of the land of the Kingdom to his chiefs and people, the necessity of a speedy distribution of it in accordance with what may be called the feudal rights of the chiefs, required that awards of lands be made by name only without survey. No body of surveyors could have been found in the country or practically could have been brought here, who might have surveyed these large estates within the lifetime of half the grantees, so that every award should have been issued as of a tract defined by metes and bounds, or with even an approximate statement of the acreage. The "Mahele" or division was, therefore, made without survey. Tracts of land known to Hawaiians as an ahupuaa or ili were awarded to those entitled by name of the ahupuaa or ili.

When an ahupua'a was awarded by name, the grant was meant to cover all that had been included in the ahupua'a according to its ancient boundaries. *Pulehunui, supra* at 240; *In Re the Boundaries of Paunau*, 24 Haw. 546 (1918). Thus, the award of the ahupua'a of Kawela by name to William C. Lunalilo awarded all that had been included in Kawela's ancient boundaries. It follows, therefore, that if Kanoa fishpond was included within the ancient boundaries of the ahupua'a of Kawela, it was meant to be included in the Land Commission Award to Lunalilo.

An ahupua'a in ancient Hawaii generally ran from the mountain to the sea. This afforded to the chief of the ahupua'a

---

[8] This issue was also determined favorably to appellee in the Second Circuit jury proceeding. Again, we need not determine whether *res judicata* or collateral estoppel are applicable since we affirm the finding of the Land Court in favor of appellee on other grounds.

and his people "a fishery residence at the warm seaside, together with the products of the highlands, such as fuel, canoe timber, mountain birds, and the right of way to the same, and all the varied products of the intermediate land." *Pulehunui, supra* at 241. Consistent with the concept of the ahupua'a as a self-sufficient land unit, both inland and shore fishponds were considered to be part of the ahupua'a and within its boundaries.[9] *Harris v. Carter*, 6 Haw. 195, 197, (1877)(dicta); 1939 *Op. Att'y Gen.* No. 1689, at 456. This is readily apparent from an examination of Boundary Certificates and Patents issued for various ahupua'a fronted by shore fishponds. For instance, Patent No. 8139 for the ahupua'a of Makakupaia, on the island of Molokai, L. C. Aw. 7779-B, specifically takes in a fishpond fronting the ahupua'a by the language "Thence along fish pond sea wall and sea coast to initial point."[10] Yet, it is also evident that no set word formula was needed in a Boundary Certificate or Patent to include a shore fishpond within the ahupua'a boundaries. Boundary Certificate No. 54 for the ahupua'a of Kahana, on the island of Oahu, contains the description "along shore" with certain course numbers given.[11] John Cline Mann, a surveyor and expert witness, testified that two of the courses, when plotted out, follow along the outer walls of a shore fishpond. Similarly, Boundary Certificate No. 100 for the ahupua'a of Kaneohe includes the description "thence along seashore at high water mark to initial point" with course numbers given.[12] Mr. Mann testified that when plotted these courses delineate the outside of Huilua fishpond.

Although the State has placed great emphasis on the Boundary Certificate and Royal Patent description of the

---

[9] The State conceded on oral argument that generally the boundaries of an ahupua'a would include a fishpond abutting the shore and extending out into the sea.

[10] State's Exhibit C.

[11] Applicant's Exhibit No. 30.

[12] Applicant's Exhibit No. 32.

makai boundary of Kawela as "following the shore to point of commencement", we do not find this description persuasive of an intent to exclude Kanoa fishpond from the Land Commission Award.

The failure to delineate Kanoa fishpond in Kawela's makai boundary description loses significance when compared to other boundary descriptions, discussed above, which also do not specifically mention fishponds yet obviously intended to include fishponds fronting the ahupua'a.

Indeed, in a letter dated August 5, 1936, R. D. King, Principal Cadastral Engineer (Principal Surveyor) for the Territory of Hawaii, reported to the Commissioner of Public Lands in response to a request for a study on the status of Kanoa fishpond that

a fish pond is treated under our land system in the same manner as are the land areas.

As a general rule fish ponds go with the land which they border but there are cases where awards have been issued separately from the awards on adjoining lands, and also cases where they have been reserved from the award of an adjoining land as crown or government fish pond and subsequently sold and granted by the government to other parties.

But I do not think an exception to the general rule applies in this case. The land of Kawela was awarded by name only, but subsequently a boundary certificate was issued to it (Number 17 for the 2nd Judicial Circuit) on November 12, 1873 from a survey made on September 21, 1853 shortly after the date of the award. The certificate of boundary makes no reference at all to any fish pond, either included in or adjacent to the land but the course bordering the sea is described as "following the shore to point of commencement" and I would interpret this description to not only mean along high water mark but also along the outer face of the walls of the "sea pond".[13]

King, as chief surveyor for the Territory, was clearly interpreting language within his expert knowledge.

---

[13] Applicant's Exhibit 4-D.

Kanoa fishpond was in existence at the time of the original Land Commission Award and under the Hawaiian concept of an ahupua'a, Kanoa would have been included in the boundaries of the ahupua'a of Kawela. No evidence was presented that would convince us otherwise. The presumption is that when an ahupua'a was awarded by name only, the grant was meant to include all that was within the ahupua'a according to its ancient boundaries. *Pulehunui, supra* at 240.

Thus, absent evidence either that Kanoa fishpond was not within the ahupua'a of Kawela or that it was intended to be excluded from the Land Commission Award of the ahupua'a of Kawela, we agree with the Land Court's finding that Kanoa fishpond was included in L. C. Aw. 8559-B, Apana 28, to William C. Lunalilo.

## II.

The State's final claim is that title to Kanoa fishpond became vested in the Territory of Hawaii by adverse possession during a fourteen-year period, between 1918 and 1932, in which the government leased "Kawela" pond to A. F. Cooke. The State argues that since possession by a lessee is attributable to the lessor,[14] if the government did not have title to the fishpond prior to 1918, it would have acquired title by 1928.[15] Of course, if title to Kanoa fishpond vested in the government during that period, subsequent divestment was not possible, since adverse possession does not apply against the sovereign. *Thurston v. Bishop*, 7 Haw. 421, 437 (1888); *Application of Kelley*, 50 Haw. 567, 445 P.2d 538 (1968). *But see In re Real Property Situate at Moiliili, Waikiki-Waena, City and County of Honolulu*, 49 Haw. 537, 552, 425 P.2d 83, 92 (1967). Thus, if the government had actual, open, hostile, notorious, continuous and exclusive possession of Kanoa pond for the statutory period, title to the pond would now be

---

[14] *Kainea v. Kreuger*, 31 Haw. 108, 114 (1929); *In re Sing Chong Co., Ltd.*, 37 Haw. 49, 52 (1945).

[15] At the time in question, the period of limitation was 10 years.

with the State. *Deponte v. Ulupalakua Ranch*, 48 Haw. 17, 395 P.2d 273 (1964); *Gomes v. Upchurch*, 50 Haw. 125, 432 P.2d 890 (1967).

Assuming, without deciding, that the State could establish all other elements of adverse possession, we fail to find the requisite hostility of possession upon the evidence presented in this case. Hostility imports denial of the owner's title, and possession, however open and long it may be, is not adverse without such a denial of the rightful owner's title. *Territory v. Pai-a*, 34 Haw. 722, 726 (1938).

In this case, the Territory of Hawaii leased four fishponds on Molokai, including Kawela fishpond,[16] to A. F. Cooke under General Lease 1008.[17] This lease commenced on July 1, 1918. In a letter dated February 11, 1920, A. F. Cooke wrote to Territorial Commissioner of Public Lands C. T. Bailey that "there must have been a mistake in putting [Kawela] pond in the list [of fishponds under the lease.]"[18] On March 30, 1920, the trustees of the Lunalilo estate sold portions of the ahupua'a of Kawela to Amos F. Cooke. The area sold is described in the quit-claim deed as

> three or four acres more or less, together with the Fishpond known as "Kanoa", the boundaries of the fishpond to be as indicated by the line of the old seawall which formerly enclosed it.[19]

The basis of the State's claim is that possession by A. F. Cooke, as lessee of the fishpond from the government, inured to the benefit of the government. Clearly, however, after March 30, 1920, A. F. Cooke's possession of the pond was also consistent with his ownership of Kanoa fishpond under the deed from the Lunalilo trustees. The State's position thus becomes untenable, for followed to its logical end, it means that A. F. Cooke was acting as the agent of the Territory in

---

[16] Kanoa fishpond is also known as Kawela fishpond.

[17] State's Exhibit E.

[18] Applicant's Exhibit No. 4-A.

[19] William Kamakana's Exhibit W-17.

adverse possessing *against himself* as title owner of the pond. A. F. Cooke's open and continued possession of Kanoa fishpond cannot be presumed to be hostile to, and import a denial of, his *own* title to the pond.

It has long been established in this jurisdiction that adverse possession is to be taken strictly and that every presumption is in favor of possession in subordination to the rightful owner. *Territory v. Pai-a, supra; Redfearn v. Kuhia,* 53 Haw. 378, 494 P.2d 562 (1972). A. F. Cooke was the rightful owner of Kanoa fishpond after March 30, 1920 and the presumption is that his possession of the pond was consistent with his ownership rather than with his status as an agent for an adverse possessor.

Affirmed.

*Andrew S. O. Lee,* Deputy Attorney General (*Kazuyoshi Akita,* Deputy Attorney General, with him on the briefs) for State of Hawaii, appellant.

*Louis B. Blissard* for applicant-appellee.